Juan P. GONZALES, Relator,

v.

COMMISSIONER OF REVENUE,
Respondent.

No. A05–815.

Supreme Court of Minnesota.

Dec. 22, 2005.

Juan P. Gonzales, Minneapolis, MN, pro se relator.

Mike Hatch, Attorney General, Craig R. Anderson, Asst. Attorney General, St. Paul, MN, for respondent.

## OPINION

MEYER, Justice.

This case arises out of a decision by the Minnesota Tax Court affirming a May 5, 2004, order by respondent Minnesota Commissioner of Revenue (Commissioner) assessing $13,985.75 in income tax, interest, and penalties for tax years 1996 through 2002 against relator Juan P. Gonzales. The tax court determined that Gonzales's wages for the years in question constituted income for purposes of Minnesota income tax and that Minnesota's imposition of an income tax on those wages did not violate Gonzales's constitutional rights. We affirm.

Gonzales resided in Minnesota from 1996 through 2002. During those years,

Gonzales received compensation in the form of wages from his employer, Hennepin County, but did not file any Minnesota state income tax returns. Consequently, the Commissioner filed a return for Gonzales pursuant to Minn.Stat. § 289A.35 (2004).[1] On May 5, 2004, the Commissioner issued a notice of determination, or assessment order, under Minn.Stat. § 289A.37 (2004) and Minn.Stat. § 289A.65, subd. 8 (2004), finding Gonzales liable for $13,985.75 in income tax, interest, and penalties. Gonzales appealed the Commissioner's assessment order to the Minnesota Tax Court.

At the tax court, Gonzales offered several theories to support his central contention—that he is not legally obligated to pay Minnesota income tax on wages earned in Minnesota. Gonzales argued that wages and salaries do not constitute taxable income for purposes of Minnesota's income tax and that no statutory authority exists that renders him liable for Minnesota income tax on his wages. Further, Gonzales contended that any liability for Minnesota income tax requires that he first be liable for federal income tax. Gonzales claimed that he is not liable for federal income tax because the federal income tax program is unconstitutional, due to the improper ratification of the Sixteenth Amendment to the United States Constitution, which authorizes the imposition of a federal income tax. Gonzales also argued that the assessment process employed in his case violated his constitutional right to procedural due process by not providing sufficient review of his claims. In addition, Gonzales challenged the sufficiency of the evidence on which the Commissioner's assessment was based. Finally, Gonzales argued that the Commissioner cannot force Gonzales to self-assess a tax debt because doing so would require Gonzales to commit perjury.

The tax court affirmed the Commissioner's assessment order, rejecting all of Gonzales's arguments. *Gonzales v. Comm'r of Revenue*, No. 7698–R, 2005 WL 626671 (Minn. T.C. Mar. 14, 2005). The court concluded that wages and salaries are income for purposes of Minnesota income tax. *Id.* at *1. The court noted that Minnesota's definition of income relies on the definition of gross income found in section 61 of the Internal Revenue Code, which states that gross income includes compensation for services. *Id.* at *1–2. The tax court also rejected Gonzales's constitutional challenges to the Minnesota income tax, noting that "[f]ederal [c]ourts have universally upheld the constitutionality of tax assessment and collection schemes such as those in Minnesota." *Id.* at *2. The court interpreted Gonzales's perjury argument as a Fifth Amendment self-incrimination claim and rejected that claim, noting that the United States Supreme Court has explicitly held that the privilege against self-incrimination does not permit a taxpayer to refuse to file a tax return. *Id.* at *3 (citing *Garner v. United States,* 424 U.S. 648, 650, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976)). Gonzales appealed the tax court's decision to this court, and we granted a writ of certiorari. On appeal, Gonzales raises the same arguments he propounded in the tax court.

We review tax court decisions only to determine whether the tax court lacked jurisdiction, whether the tax court's decision is supported by the evidence and is in conformity with the law, and whether the tax court committed any other error of law. Minn.Stat. § 271.10 (2004); *Bond v.*

---

**1.** Recodified to Minn.Stat. § 270C.35, subd. 8 by Act of June 2, 2005, ch. 151, art. 1, § 41, 2005 Minn. Laws 1379.

*Comm'r of Revenue*, 691 N.W.2d 831, 835 (Minn.2005). Gonzales challenges only the tax court's legal analysis, not its findings of fact. We review the tax court's legal conclusions de novo. *Stelzner v. Comm'r of Revenue*, 621 N.W.2d 736, 740 (Minn. 2001). Having reviewed the record and considered the arguments, we conclude that Gonzales's arguments lack merit. We therefore affirm the decision of the tax court.

▮ On a procedural note, we observe that the constitutional issues in this case were improperly raised and considered by the tax court. In Minnesota, the tax court does not have original jurisdiction to hear constitutional matters. *Great Lakes Gas Transmission L.P. v. Comm'r of Revenue*, 638 N.W.2d 435, 437 n. 5 (Minn.2002); *Erie Mining Co. v. Comm'r of Revenue*, 343 N.W.2d 261, 264 (Minn.1984). The tax court may obtain jurisdiction over constitutional issues only by transferring the constitutional issues to the district court and having the district court transfer them back to the tax court. *Erie Mining Co.*, 343 N.W.2d at 264. The *Erie* transfer procedure should have been performed in this case because Gonzales raised several constitutional issues in the tax court. Although the tax court lacked jurisdiction to hear Gonzales's constitutional claims because the *Erie* transfer procedure was not followed, we have jurisdiction to consider the constitutional issues and for the reasons stated in the tax court's opinion we conclude they are without merit. *See Kuiters v. County of Freeborn*, 430 N.W.2d 461, 464 (Minn.1988) (considering constitutional issues on appeal from the tax court despite the tax court's lack of jurisdiction); *see also* Minn. Const. art. VI, § 2 (conferring upon this court "appellate jurisdiction in all cases"). In future cases, the tax court should endeavor to follow the dictates of *Erie*.

Affirmed.

BLATZ, C.J., took no part in the consideration or decision of this case.