Henry J. LANGER, Relator,

Patricia K. Langer, Appellant Below,

v.

**COMMISSIONER OF REVENUE, Respondent.**

No. A09–414.

Supreme Court of Minnesota.

Oct. 8, 2009.

Henry J. Langer, Edina, MN, pro se, relator.

Lori Swanson, Attorney General, Kyle R. Gustafson, Assistant Attorney General, St. Paul, MN, for respondent.

OPINION

PAGE, Justice.

This case raises the question of whether the tax court has jurisdiction to hear relator Henry J. Langer's appeal from an order of the Commissioner of Revenue (Commissioner) assessing Langer and his wife, Patricia K. Langer, for unpaid income taxes, interest, and penalties for tax years 2003, 2004, 2005, and 2006. Finding that the Langers' appeal was untimely, the tax court dismissed the appeal for lack of subject matter jurisdiction. We affirm.

The record reveals the following. On April 8, 2008, the Commissioner issued an Individual Income Tax Audit Report and Tax Order assessing the Langers for unpaid income taxes, interest, and penalties in the amount of $77,587.62. Pursuant to Minn.Stat. § 271.06, subd. 2 (2002), the Langers had 60 days from the date of the Commissioner's order to file an appeal with the tax court. That 60-day period would have expired on June 7, 2008; however, the Langers requested and were granted a 30-day extension to appeal the order, making the extended deadline for filing the appeal July 7, 2008. On July 2, 2008, the Langers mailed the notice of appeal, affidavit of service, and filing fee to the tax court and mailed a copy of the notice of appeal to the Commissioner. Although the Commissioner received the notice of appeal on July 3, 2008, the documents mailed to the tax court were not received by the July 7, 2008, filing deadline. On July 22, 2008, the attorney general's office, counsel for the Commissioner, contacted the tax court regarding the docketing of the Langers' appeal and learned that the tax court had not received the Langers' notice of appeal. The Commissioner then forwarded a copy of the notice of appeal to the tax court.

The tax court subsequently sent a form letter to the Langers requesting that they pay the filing fee. The letter, dated August 6, 2008, included a notation that stated, "Please submit the appropriate filing fee to our office within 7 days. We will recognize the 7/03/2008 filing date if RCVD as asked." The Langers paid the filing fee within the seven-day period set out in the letter. On September 19, 2008, the Commissioner moved to dismiss the Langers' appeal for lack of subject matter jurisdiction, arguing that the Langers' failure to timely file the notice of appeal deprived the tax court of jurisdiction. The Langers responded by arguing that their appeal should be deemed timely because it was mailed to the tax court before the filing deadline and because they complied with the tax court's August 6, 2008, letter stating that the original attempt at filing would be recognized if the filing fee was received within seven days.

On January 7, 2009, the tax court granted the Commissioner's motion to dismiss the Langers' appeal. The tax court concluded that it was deprived of subject matter jurisdiction because the appeal was not timely filed. In a letter to the tax court dated January 15, 2009, the Langers requested permission to file a motion for reconsideration, which the tax court denied. This appeal followed.

I.

We first address Langer's argument that the tax court erred when it

concluded that it lacked subject matter jurisdiction. Langer contends that the appeal should be deemed timely because it was mailed to the tax court before the filing deadline. We review tax court decisions to determine whether the tax court lacked jurisdiction, whether the tax court's decision is supported by the evidence and is in conformity with the law, and whether the tax court committed any other error of law. *Gonzales v. Comm'r of Revenue*, 706 N.W.2d 909, 910–11 (Minn.2005). Langer challenges whether the tax court correctly applied Minnesota law in reaching the legal conclusion that it lacked jurisdiction. Because our sole task in this case is to determine whether the tax court correctly applied Minnesota law, our review is de novo. *Stelzner v. Comm'r of Revenue*, 621 N.W.2d 736, 740 (Minn.2001).

 Minnesota's income tax system is a statutory creation. *State v. Bies*, 258 Minn. 139, 146, 103 N.W.2d 228, 236 (1960). We have said that "[t]he legislature has … the power to fix the conditions under which [a] tax should be assessed and enforced, and therefore compliance with those conditions is essential if the remedy is not to be lost and the rights are not to cease to exist." *Id.* at 149, 103 N.W.2d at 236. Under the statutory scheme, the rules of civil procedure govern tax court proceedings. *See* Minn.Stat. § 271.06, subd. 7 (2008). Pursuant to Minn. R. Civ. P. 12.08(c), a court has a duty to dismiss a claim when the court lacks subject matter jurisdiction over the claim. We have held that statutory time limits for administrative appeals are to be "strictly construed," and that such time limits are "jurisdictional." *Kearns v. Julette Originals Dress Co.*, 267 Minn. 278, 282, 126 N.W.2d 266, 269 (1964); *see also Benigni v. County of St. Louis*, 585 N.W.2d 51, 54 (Minn.1998) (upholding the tax court's dismissal of a

challenge to an assessment brought outside statutory time limits).

 Minnesota Statutes § 271.06, subd. 2, provides that a taxpayer may file an appeal from an order of the Commissioner with the tax court "within 60 days after notice of the making and filing of an order of the commissioner of revenue." The tax court may extend the time for filing an appeal for cause shown for an additional period not exceeding 30 days. *Id.* In order to properly perfect an appeal, the relator must serve a copy of the notice of appeal on the Commissioner and file with the tax court the original notice of appeal, along with proof of service, and the proper filing fee within the time, including any extension, for filing the appeal. *Id.* We recently affirmed the tax court's dismissal of an untimely appeal for lack of subject matter jurisdiction, reaffirming the jurisdictional nature of time limits for appeals. *Piney Ridge Lodge, Inc. v. Comm'r of Revenue*, 718 N.W.2d 861, 862–63 (Minn. 2006).

In *State v. Parker*, we held that the meaning of the term "filed" is plain and means that the notice of appeal must actually be received within the statutory period. 278 Minn. 53, 55, 153 N.W.2d 264, 266 (1967). In *City of St. Paul v. Wiplinger*, we reaffirmed what we said in *Parker*, holding that "[i]n the absence of a statute authorizing service by mail, the notice of appeal … must be actually received" on or before the filing deadline. 290 Minn. 53, 55, 186 N.W.2d 540, 543 (1971). The Minnesota Rules of Civil Procedure are silent as to whether filing by mail is complete upon mailing. *See* Minn. R. Civ. P. 5. Rule 5's silence appears to have been intentional, as the rule specifically authorizes filing by facsimile. *See* Minn. R. Civ. P. 5.05. And, while our civil rules are silent with respect to whether filing is complete upon mailing, our rules of appel-

late procedure expressly address filing by mail and indicate that so long as the papers to be filed are deposited in the mail within the time fixed for filing, the filing is timely. Minn. R. Civ.App. P. 125.01 ("Filing may be accomplished by United States mail addressed to the clerk of the appellate courts, but filing shall not be timely unless the papers are deposited in the mail within the time fixed for filing.").

Here, Langer contends that mailing the notice of appeal to the tax court is sufficient to establish timely filing. However, nothing in either section 271.06, subdivision 2, or our rules of civil procedure suggest that filing by mail is complete upon mailing. Therefore, in accordance with *Wiplinger*, the court had to actually receive the Langers' notice of appeal, affidavit of service, and filing fee by the filing deadline for their appeal to be timely. Because the Langers' notice of appeal and filing fee were not received by the tax court on or before the July 7, 2008, extended filing deadline, their appeal was untimely. As a result, the tax court did not err when it dismissed the Langers' appeal for lack of subject matter jurisdiction.

## II.

 Langer also contends that the tax court's August 6 letter extended the deadline for filing to August 13, 2008. We disagree. As noted above, we review a trial court's legal determinations de novo. *Stelzner*, 621 N.W.2d at 740. Appeal periods in statutory proceedings are peculiarly within the legislative domain, and the courts and administrative agencies have no power to extend or modify the periods of limitation prescribed by statute. *See, e.g., Johnson v. Winthrop Labs. Div. of Sterling Drug, Inc.*, 291 Minn. 145, 151, 190 N.W.2d 77, 81 (1971); *Dumont v. Comm'r of Taxation*, 278 Minn. 312, 315 154 N.W.2d 196, 199 (1967); *Sollar v. Oliver Iron Mining Co.*, 237 Minn. 170, 175, 54 N.W.2d 114 (1952). The legislature has set the filing deadline for tax appeals, and when the deadline expires, the tax court no longer has jurisdiction over the claim. Minn.Stat. § 271.06, subd. 2.

Langer's argument that the tax court's August 6, 2008, letter extended the filing deadline to August 13 is not supported by any statute, rule, or our case law. The tax court is not vested with the power to extend the filing deadline beyond that which the legislature has set by statute. In this case, that deadline was July 7, 2008, and because the Langers' notice of appeal, affidavit of service, and filing fee were not received on or before that date, his appeal was properly dismissed.

Affirmed.