Andrew P. HOHMANN, Relator,

v.

COMMISSIONER OF REVENUE,
Respondent.

No. A09–2030.

Supreme Court of Minnesota.

April 15, 2010.

Andrew P. Hohmann, Rice, MN, pro se.

Lori Swanson, Attorney General, Mark B. Levinger, Assistant Attorney General, St. Paul, MN, for respondent.

OPINION

ANDERSON, G. BARRY, Justice.

This case arises from the Minnesota Tax Court's dismissal of relator Andrew Hohmann's appeal for lack of subject matter jurisdiction due to late filing. The parties do not dispute the facts in this case—i.e., that the relevant appeal documents were not received by the tax court until after the filing deadline had passed. The sole legal issue before us is whether late filing of an appeal to the tax court deprives that court of subject matter jurisdiction. We conclude that it does. We affirm.

In December 2008, the Commissioner of Revenue ordered Hohmann to pay an additional $5,268.10 in taxes based on undeclared income from tax years 2005–2007. Hohmann's administrative appeal to the Commissioner was denied on February 27, 2009. The deadline for filing an appeal with the Minnesota Tax Court was April 28, 2009, 60 days after the filing of the order denying the administrative appeal. Minn.Stat. § 271.06, subd. 2 (2008).

On April 27, 2009, Hohmann mailed the required Notice of Appeal, Affidavit of Service, and filing fee to the tax court.

The tax court received and filed the appeal documents on either April 29 or 30, 2009.[1] The Commissioner then moved for dismissal on the ground of lack of subject matter jurisdiction due to the late filing, and the tax court granted the Commissioner's motion and dismissed the appeal. Hohmann appealed to our court pursuant to Minn.Stat. § 271.10 (2008).

## I.

We review tax court decisions to determine whether the tax court lacked subject matter jurisdiction, whether the tax court's decision is supported by evidence in the record, and whether the tax court made an error of law. *Gonzales v. Comm'r of Revenue*, 706 N.W.2d 909, 910 (Minn.2005). There are no relevant factual disputes in this case. Because we must only decide whether the tax court correctly applied Minnesota law, our review is de novo. *Stelzner v. Comm'r of Revenue*, 621 N.W.2d 736, 740 (Minn.2001).

The sole issue before us on appeal is whether it was error to dismiss Hohmann's appeal for lack of subject matter jurisdiction when the appeal was mailed, but not received, by the statutory filing deadline.[2] Hohmann argues that the filing of an appeal to the tax court is complete when mailed, citing several different rules and statutes that he asserts should govern the filing of tax-court appeals. The Commissioner cites our case law and Minn. Stat. § 271.06, subd. 2, and contends that filing of an appeal to the tax court is only complete upon receipt of the relevant documents by the tax court.

We recently addressed the same issue in *Langer v. Commissioner of Revenue*, 773 N.W.2d 77 (Minn.2009). In that case, the Commissioner had ordered the Langers to pay outstanding taxes, penalties, and interest. *Id.* at 79. Under section 271.06, subdivision 2, the Langers had 60 days from that April 8 order to file an appeal to the tax court. *Id.* The Langers sought, and were granted, a 30–day extension under the same section.[3] *Id.* After the tax court granted the extension, the deadline for the Langers to file their appeal was July 7. *Id.* The Langers mailed the required appeal documents to the tax court on July 2, but they were not received by the tax court until after the July 7 deadline. *Id.*

We held that because the Langers' appeal documents did not reach the tax court until after the filing deadline, the tax court lacked subject matter jurisdiction to hear the appeal. *Id.* at 81. In *Langer*, we applied Minn.Stat. § 271.06, subd. 2, which states that to appeal an order of the Commissioner, a taxpayer must file with the tax court, within 60 days, the original order and proof of service of notice of appeal on the Commissioner. *See* 773 N.W.2d at 80. We noted that statutory time limits for such appeals are strictly construed and are jurisdictional in nature and further noted that the meaning of the term "file" is plain and means that required documents must actually be received before the expiration of the deadline. *See id.* (citations omitted). While section 271.06 states

---

1. The Commissioner asserts, and the record reflects, that the tax court filed the appeal on April 30, but Hohmann asserts in his brief that the tax court received the appeal materials on April 29, 2009. But the dispute as to the date is irrelevant as either date is after the expiration of the 60–day deadline.

2. Hohmann also asserts in his brief that the tax court did not make findings of fact to support its order as required by statute. But, although the tax court did not expressly delineate its findings of fact, it did make factual findings in its memorandum.

3. Here, Hohmann neither sought nor received any filing extension.

that the Minnesota Rules of Civil Procedure govern tax-court proceedings, in *Langer* we noted that those rules are silent as to whether filing is complete upon mailing. 773 N.W.2d at 80; *see also* Minn.Stat. § 271.06, subd. 7 (2008). Concluding this silence was intentional, we rejected arguments that mailing appeal documents by the filing deadline is sufficient to complete an appeal to the tax court. *Langer,* 773 N.W.2d at 80–81.

The relevant facts of the case before us are indistinguishable from those in *Langer.* Hohmann attempted to appeal the Commissioner's order to the tax court. While Hohmann placed the required documents in the mail before the expiration of the 60–day deadline, it is uncontested that those documents did not reach the tax court until after the deadline had expired. But Hohmann argues that *Langer* should not apply.

Hohmann's arguments, however, are unavailing. First, Hohmann misreads *Langer* as standing for the proposition that the Minnesota Rules of Civil Appellate Procedure, which state that timely mailing is timely filing, govern appeals to the tax court. In *Langer,* in fact, we said the opposite. We noted that the Minnesota Rules of Civil Procedure govern appeals to the tax courts as stated in section 271.06, subdivision 7. *Langer,* 773 N.W.2d at 80–81. We pointed to the Minnesota Rules of Civil Appellate Procedure as a juxtaposition to the silence of the Minnesota Rules of Civil Procedure on the issue of filing by mail. *Langer,* 773 N.W.2d at 81. We concluded that the Minnesota Rules of Civil Procedure require receipt of the appeals documents by the tax courts in order to complete filing. Second, Hohmann argues that *Langer* should not apply because the arguments he makes before our court were apparently not raised in *Langer.* But the holding in *Langer* and the plain language of the statute itself make clear that section 271.06 governs appeals to the tax court, which is what is at issue in the case before us as it was in *Langer.*

Because this case is indistinguishable from *Langer* on the relevant facts, and because Hohmann makes no compelling argument for us to depart from our holding in *Langer,* we hold that the tax court did not err in dismissing Hohmann's appeal for lack of subject matter jurisdiction due to his late filing of appeal documents.

Affirmed.