**Sharon A. SOYKA, Relator,**

v.

**COMMISSIONER OF REVENUE, Respondent.**

**No. A12–1706.**

Supreme Court of Minnesota.

July 31, 2013.

Sharon A. Soyka, St. Cloud, MN, pro se relator.

Lori Swanson, Attorney General, Kathryn M. Woodruff, Tamar N. Gronvall, Assistant Attorneys General, Saint Paul, MN, for respondent.

## OPINION

STRAS, Justice.

The question presented in this case is whether the Minnesota Tax Court has subject matter jurisdiction over an appeal when a taxpayer fails to file a notice of appeal within 60 days after notice of the making and filing of an order of the Commissioner of Revenue. The tax court dismissed Soyka's appeal for lack of subject matter jurisdiction. We affirm.

I.

On January 19, 2012, the Commissioner of Revenue ("the Commissioner") ordered relator Sharon A. Soyka to pay $9,126.55 in income taxes, penalties, and interest for the 2007 tax year. Soyka then had 60 days—or until March 19—to appeal the Commissioner's order to the tax court. *See* Minn.Stat. § 271.06, subd. 2 (2012). Instead of filing a notice of appeal from the Commissioner's order directly with the tax court, Soyka mailed her notice of appeal, affidavit of service, and filing fee to the Commissioner. Upon receipt, the Commissioner immediately forwarded those documents to the tax court, which stamped them as filed on April 23, 2012. Three days later, the Commissioner received a letter from Soyka in which she stated that she had "an appeal in progress" and enclosed an extension request that she claimed to have mailed to the Commissioner on March 16. The court did not receive a copy of Soyka's extension request until June 14 when the Commissioner included it as an attachment to his motion to dismiss Soyka's appeal.

The tax court granted the Commissioner's motion and dismissed Soyka's appeal. In its order dismissing Soyka's appeal, the court found that it had never received an extension request from Soyka, that Soyka's notice of appeal was filed on April 20,[1]

---

1. The tax court found that Soyka filed her notice of appeal on April 20, even though the date stamp on the notice of appeal specifies that the filing date was April 23. Regardless of whether Soyka filed her notice of appeal on April 20 or April 23, our conclusion is the same: the court lacked subject matter jurisdiction over Soyka's appeal.

and that the Commissioner did not receive Soyka's extension request until April 26. The court concluded that Soyka was not entitled to any additional time to file her appeal because she did not file a request with the court seeking an extension of time. Because Soyka did not file her notice of appeal until more than a month after it was due to the court, the court dismissed Soyka's appeal for lack of subject matter jurisdiction. Soyka seeks review of the dismissal by writ of certiorari.

## II.

■■■■ "We review tax court decisions to determine whether the tax court lacked subject matter jurisdiction, whether the tax court's decision is supported by evidence in the record, and whether the tax court made an error of law." *Hohmann v. Comm'r of Revenue,* 781 N.W.2d 156, 157 (Minn.2010). We review the tax court's factual findings for clear error, *Bond v. Comm'r of Revenue,* 691 N.W.2d 831, 835–36 (Minn.2005), and we review the tax court's legal determinations de novo to determine whether the tax court correctly applied Minnesota law, *Kmart Corp. v. Cnty. of Clay,* 711 N.W.2d 485, 488 (Minn. 2006).

■■■ The sole question presented in this case is whether the tax court erred when it dismissed Soyka's appeal for lack of subject matter jurisdiction. The resolution of that question turns on the text of the statute authorizing taxpayers to appeal from an order of the Commissioner. Absent exceptions that are not relevant here, a taxpayer may appeal to the tax court "from any official order of the commissioner of revenue respecting any tax, fee, or assessment, or any matter pertaining thereto, including the imposition of inter-

est and penalty." Minn.Stat. § 271.06, subd. 1 (2012). A taxpayer must perfect his or her appeal "within 60 days after notice of the making and filing of an order of the commissioner of revenue." *Id.,* subd. 2. The court may extend the 60–day filing deadline by written order "for cause shown," but an extension cannot exceed 30 days. *Id.* In addition to filing a notice of appeal with the court, the statute also requires a taxpayer to file proof of service of the notice of appeal upon the Commissioner and pay the filing fee. *Id.,* subds. 2, 4 (2012). A taxpayer must satisfy each of these requirements within the 60–day period, in addition to any extension, for perfecting the appeal. *Id.,* subds. 1, 2, 4.

The statutory time limits for taxpayers to bring administrative appeals before the tax court are "strictly construed and are jurisdictional in nature." *Hohmann,* 781 N.W.2d at 157. Recently, we interpreted Minn.Stat. § 271.06, subd. 2—the statutory provision at issue here—and concluded that "the meaning of the term 'filed' is plain and means that the notice of appeal *must actually be received* within the statutory period." *Langer v. Comm'r of Revenue,* 773 N.W.2d 77, 80 (Minn.2009) (emphasis added).

Applying our interpretation of the term "filed" from *Langer,* it is undisputed that the tax court did not receive Soyka's notice of appeal until, at the earliest, April 20— more than a month after the statutory deadline for filing a notice of appeal had expired. Under *Hohmann* and *Langer,* therefore, Soyka's failure to file her notice of appeal before the expiration of the statutory deadline was a jurisdictional defect that deprived the tax court of subject matter jurisdiction over the appeal.[2] *Hohmann,* 781 N.W.2d at 157; *Langer,* 773 N.W.2d at 81.

---

2. The Legislature recently amended Minn. Stat. § 271.06 (2012), to provide that if a notice of appeal, proof of service, and filing

fee are delivered to the tax court by mail after the statutory deadline has expired, "the date of filing is the date of the United States post-

While Soyka does not dispute the filing date of her notice of appeal, she argues that the tax court should have extended the March 19, 2012 filing deadline by 33 days: 30 days pursuant to her extension request and an additional 3 days pursuant to Minn. R. Civ. P. 6.05.[3] The flaw in Soyka's argument, however, is that she did not seek an extension of time from the tax court. Even if we were to credit Soyka's claim that she sent a timely motion for an extension of time to the Commissioner, her notice of appeal would still be untimely because only the tax court, not the Commissioner, may grant an extension of time to file an appeal from an order of the Commissioner. Minn.Stat. § 271.06, subd. 2. It is undisputed that the tax court first received a copy of Soyka's extension request, not from Soyka, but from the Commissioner when he attached it to his motion to dismiss on June 14. Because the tax court did not receive a copy of Soyka's extension request until long after the statutory period had expired, Soyka was not entitled to an extension of time to file her appeal.[4] *See* Minn.Stat. § 271.06, subd. 2.

### III.

For the foregoing reasons, we affirm the tax court's dismissal of Soyka's appeal for lack of subject matter jurisdiction.

Affirmed.

mark stamped on the envelope or other appropriate wrapper in which the notice of appeal, proof of service upon the commissioner, and filing fee are mailed." Act of May 1, 2013, ch. 36, § 1, 2013 Minn. Sess. Law Serv. ——, —— (West) (to be codified at Minn.Stat. § 271.06, subd. 2a). However, that amendment is inapplicable here because it applies only to "filings delivered by the United States Postal Service with a postmark date after August 1, 2013." *Id.*

3. Minnesota Rule of Civil Procedure 6.05 provides, in relevant part: "Whenever a party has the right or is required to do some act or

LILLEHAUG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

take some proceedings within a prescribed period after the service of a notice or other document upon the party, and the notice or document is served upon the party by United States Mail, three days shall be added to the prescribed period."

4. Accordingly, we need not decide whether Minn. R. Civ. P. 6.05 extended the filing deadline by 3 days because it is undisputed that the tax court neither received nor filed Soyka's notice of appeal until more than a month after the March 19 filing deadline had expired.