Sharon A. SOYKA, Relator,

v.

COMMISSIONER OF REVENUE,
Respondent.

No. A13–0434.

Supreme Court of Minnesota.

Feb. 19, 2014.

Sharon A. Soyka, Saint Cloud, Minnesota, pro se relator.

Lori Swanson, Attorney General, Kathryn M. Woodruff, Tamar N. Gronvall, Assistant Attorneys General, Saint Paul, Minnesota, for respondent.

## OPINION

STRAS, Justice.

The question presented in this case is whether, when the Commissioner of Revenue serves notice of an order by United States mail, Minn. R. Civ. P. 6.05 extends the 60–day statutory deadline for filing an appeal with the Minnesota Tax Court. The tax court dismissed the appeal filed by relator Sharon A. Soyka for lack of subject matter jurisdiction based on its conclusion that her notice of appeal was untimely because Rule 6.05 did not extend the time for filing an appeal. We reverse and direct the tax court to reinstate Soyka's appeal.

### I.

The Commissioner of Revenue informed relator Sharon A. Soyka by a notice dated and mailed on May 30, 2012, that it would file a tax return on her behalf for the 2008 tax year. According to the notice, Soyka owed $2,201.15 in income taxes, interest, and penalties. On July 30, exactly 61 days after the Commissioner mailed the notice, Soyka mailed her notice of appeal to the tax court, which filed it on August 1. The tax court dismissed Soyka's appeal for lack of subject matter jurisdiction, concluding that her appeal was untimely under Minn. Stat. § 271.06, subd. 2 (2012), which generally requires a notice of appeal to be filed within 60 days after notice of an order from the Commissioner.

Soyka seeks review of the tax court's decision by writ of certiorari. Soyka argues that her notice of appeal was timely because she was entitled to a total of 63 days to file it with the tax court: 60 days under Minn.Stat. § 271.06, subd. 2, and an additional 3 days under Minn. R. Civ. P. 6.05. We declined to address the applicability of Rule 6.05 in a previous appeal filed by Soyka, *Soyka v. Comm'r of Revenue*, 834 N.W.2d 711, 714 n. 4 (Minn.2013), but this issue is now squarely before us because Soyka filed her notice of appeal with the tax court 63 days after the Commissioner mailed notice of the order to her.

### II.

■ "We review tax court decisions to determine whether the tax court lacked subject matter jurisdiction, whether the tax court's decision is supported by evidence in the record, and whether the tax court made an error of law." *Hohmann v. Comm'r of Revenue*, 781 N.W.2d 156, 157 (Minn.2010). The timeliness of Soyka's notice of appeal is a question of the tax court's subject matter jurisdiction that we review de novo. *See id.* (treating statutory time limits for filing an appeal with the tax court as jurisdictional); *Williams v. Smith*, 820 N.W.2d 807, 813 (Minn.2012) (subjecting a question of subject matter jurisdiction to de novo review).

■ Whether the tax court had subject matter jurisdiction over Soyka's appeal depends on the interpretation of a statute, Minn.Stat. § 271.06, subd. 2, and a court rule, Minn. R. Civ. P. 6.05. We begin our analysis with section 271.06, subdivision 2, which states as follows:

Except as otherwise provided by law, within 60 days after notice of the making and filing of an order of the commissioner of revenue, the appellant ... shall

serve a notice of appeal upon the commissioner and file the original, with proof of such service, with the Tax Court administrator or with the court administrator of district court acting as court administrator of the Tax Court; provided, that the Tax Court, for cause shown, may by written order extend the time for appealing for an additional period not exceeding 30 days.

Minn.Stat. § 271.06, subd. 2. Standing alone, subdivision 2 seems to require a party such as Soyka to file and serve a notice of appeal within 60 days "after notice of the making and filing" of the order being appealed unless the tax court extends the deadline for "cause shown."[1] *Id.*

Subdivision 2 does not, however, stand alone. Specifically, Minn.Stat. § 271.06, subd. 7, states that the Minnesota Rules of Civil Procedure "shall govern the procedures in the Tax Court, where practicable," subject to certain exceptions that are not relevant here. Relying on the foregoing provision, Soyka argues that Minn. R. Civ. P. 6.05 extended the time in which she could file an appeal from the Commissioner's order. Rule 6.05 provides in relevant part:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document upon the party, and the notice or document is served upon the party by United States Mail, *three days shall be added* to the prescribed period.

(Emphasis added.) Relying on tax-court decisions, the Commissioner simply asserts that the "three-day mailing rule under Minn. R. Civ. P. 6.05 does not extend the time for filing an appeal in Tax Court," but he does so without any analysis of Rule 6.05's text or any discussion of why application of the Rule would not be "practicable" in tax-court appeals.

By its terms, Rule 6.05 extends a deadline by 3 days if the deadline runs from "the service of a notice or other document" and service is made by United States mail. Under Minn.Stat. § 271.06, subd. 2, the deadline for an appeal from an order of the Commissioner runs from "notice of the making and filing" of the order. Because the time for filing an appeal of an order of the Commissioner runs from "notice of the making and filing of an order," Rule 6.05 applies and extends the statutory filing deadline by 3 days when the Commissioner serves the "notice" by United States mail.[2]

1. As in her previous appeal, Soyka again argues that Minn.Stat. § 271.06, subd. 2, prescribes the time for *serving* a notice of appeal, not the time for filing an appeal, and that, accordingly, when she mailed her notice of appeal to the tax court, it was timely under the statute. We have concluded that Soyka's argument is contrary to the statutory text and inconsistent with our case law, *Soyka*, 834 N.W.2d at 713, and we reach the same conclusion here.

We note that the Legislature recently amended section 271.06 to add a new provision, subdivision 2a, under which the filing date is the same as the date of mailing, so long as the mailing complies with various requirements. Act of May 1, 2013, ch. 36,

§ 1, 2013 Minn. Laws 148 (adding subdivision 2a); Act of May 23, 2013, ch. 143, art. 18, § 8, 2013 Minn. Laws 2671–72 (amending subdivision 2a). Soyka cannot benefit from the amended statute, however, because she mailed her notice of appeal to the tax court on July 30, 2013, and the amendment applies only to filings by taxpayers "with a postmark date after August 1, 2013." Act of May 1, 2013, ch. 36, § 1, 2013 Minn. Laws 148, 149; Act of May 23, 2013, ch. 143, art. 18, § 8, 2013 Minn. Laws 2445, 2672.

2. The dissent would cast aside Minn.Stat. § 271.06, subd. 7—which provides that the Minnesota Rules of Civil Procedure "shall govern the procedures in the Tax Court, where practicable"—in favor of what appears

To be sure, Rule 6.05 speaks in terms of "*service of a notice*," while the statutory period for filing an appeal from an order of the Commissioner begins from "*notice* of the making and filing" of the order. However, the distinction between "service of a notice" and "notice" is of no legal significance here. In cases dating back over 50 years, we have held that Rule 6.05 extends a statutory deadline by 3 days not only when the deadline is phrased in terms of "service of a notice," but also when it is phrased in terms of "written notice" or "mailing notice." The first of these cases,

*State ex rel. Petschen v. Rigg*, involved a statute that established a deadline to appeal an order in a civil case " 'within 30 days after *written notice* of the same from the adverse party.' " 257 Minn. 25, 26, 99 N.W.2d 669, 670 (1959) (emphasis added) (quoting Minn.Stat. § 605.08 (1957)).[3] When we stated the applicable appeal deadline in *Rigg*, we applied Rule 6.05, which resulted in a 34–day period for the relator to file his appeal from "written notice" of the order because the 33rd day fell on a Sunday. *Id.* & n. 1 (citing Minn. R. Civ. P. 6.05); *see* Minn. R. Civ. P.

to be a blanket approach that prohibits the application of court rules whenever the subject matter jurisdiction of an executive-branch court is at issue. The flaw in the dissent's approach, however, is that it answers the wrong question, and therefore its conclusion—that Rule 6.05 does not apply—does not follow from its premise—that the deadline to appeal an order of the Commissioner to the tax court is jurisdictional.

We agree that the "statutory time limits" for appeals to the tax court "are strictly construed and are jurisdictional in nature." *Hohmann*, 781 N.W.2d at 157. We also agree that the judicial branch does not have the authority to unilaterally extend the subject matter jurisdiction of the tax court. But neither of those principles is at issue here. Rather, the question presented by this case is whether the *Legislature* has the authority to set a jurisdictional time limit for an appeal to the tax court that incorporates a court rule. Here, the Legislature, in the exercise of *its* authority, expressly incorporated court rules "where practicable," including a court rule that adds 3 days to an appeal period whenever the Commissioner serves notice of the making and filing of an order by United States mail. No principle of law prevents the Legislature from defining the subject matter jurisdiction of the tax court in such a manner, and the dissent's approach, far from respecting the separation of powers, would unnecessarily *create* a separation-of-powers problem by constraining the authority of the Legislature to define the subject matter jurisdiction of executive-branch courts as it sees fit.

In arguing otherwise, the dissent again focuses on the wrong question when it constructs a false dichotomy between procedural rules and subject matter jurisdiction. Time limits are, by their very nature, procedural. *See, e.g.*, Minn. R. Civ. P. 59.03 (deadline for a new-trial motion); Minn. R. Civ.App. P. 104.01 (deadline for an appeal). But that does not mean that time limits are *only* procedural; they can also be jurisdictional. Indeed, similar to the procedural *and* jurisdictional requirement that a notice of appeal initiate an appeal, the time limits underlying a notice of appeal are both procedural and jurisdictional. *See Elbert v. Tlam*, 830 N.W.2d 448, 450 (Minn.App.2013) (describing the failure to file a notice of appeal within the requisite period as a "procedural jurisdictional defect"), *rev. denied* (Minn. Sept. 25, 2013); *see also Gonzalez v. Thaler*, — U.S. —, —, 132 S.Ct. 641, 651–52, 181 L.Ed.2d 619 (2012) (noting that a procedural rule creates the jurisdictional requirement of a notice of appeal in federal court). Accordingly, there is no principled reason why the Legislature cannot establish a jurisdictional time limit that is subject to a procedural rule. *See Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) ("If rigorous rules like the one applied today are thought to be inequitable, *Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits*." (emphasis added)).

3. The statute establishing the deadline at issue in *Rigg*, Minn.Stat. § 605.08 (1957), was superseded by Minn. R. Civ.App. P. 104 and was repealed in 1974. Act of April 9, 1974, ch. 394, § 11, 1974 Minn. Laws 702, 707 (repealing Minn.Stat. § 605.08).

6.01(a) (providing an extra day when a deadline falls on a Sunday). In other words, we treated "written notice" in the statute as synonymous with "service of a notice" in Rule 6.05.[4]

We applied Rule 6.05 in a similar fashion in *Kenzie v. Dalco Corp.*, a case involving the statutory deadline to appeal a decision of the Commissioner of Employment Services. 309 Minn. 495, 245 N.W.2d 207 (1976). The statute at issue in *Kenzie* required a party challenging a decision of the Commissioner of Employment Services to obtain and serve a writ of certiorari " 'within 30 days after the date of *mailing notice* ' " of the Commissioner's decision. 309 Minn. at 497, 245 N.W.2d at 208 (emphasis added) (quoting Minn.Stat. § 268.10, subd. 8 (1974)). We held that "the 3–day extension provided by Rule 6.05" increased the statutory deadline to 33 days. *Id.* at 497, 245 N.W.2d at 208. We thus treated "mailing notice" in the statute as synonymous with "service of a notice" in Rule 6.05. It also made no difference to our analysis that *Kenzie* involved an appeal from a decision of an executive-branch official or that "[o]n previous occasions, we ha[d] strictly construed statutes relating to the time for appeal or review of determinations" of the Commissioner of Employment Services. *Id.* at 497, 245 N.W.2d at 208. Thus, contrary to the arguments of the dissent, *Kenzie* establishes that Rule 6.05 can apply to appeals from the orders of executive-branch officials, even when a statutory appeal deadline is involved.

More recently, we observed in *Roehrdanz v. Brill* that Rule 6.05 extends the 20– day deadline to remove a conciliation-court matter to district court. 682 N.W.2d 626, 631 (Minn.2004). The 20–day deadline at issue in *Roehrdanz*, which is set forth in Minn. Gen. R. Prac. 521(b), provides that a party must serve a demand for removal of a conciliation-court matter "within twenty days after the date the court administrator *mailed* to that party *notice* of the judgment order." (Emphasis added.) In a statement that ultimately rested on Rule 6.05, we said that "[a]n aggrieved party is required to remove an action within 23 days of the mailing of a conciliation court decision." *Roehrdanz*, 682 N.W.2d at 631 (citing a committee comment to Minn. Gen. R. Prac. 521(b) that adopted the holding of *Wilkins v. City of Glencoe*, 479 N.W.2d 430, 431 (Minn.App.1992), that Rule 6.05 provides an additional 3 days to remove a conciliation-court action). In short, we treated the "mail[ing]" of "notice" under Minn. R. Gen. Prac. 521(b) as synonymous with "service of a notice" in Rule 6.05.

Together, *Rigg, Kenzie,* and *Roehrdanz* establish that when a deadline runs from "written notice," "mailing notice," or "mail[ing] to [a] party notice" and notice is served by United States mail, Rule 6.05 extends the deadline by 3 days. The 60–day deadline in Minn.Stat. § 271.06, subd. 2—which begins with the "notice of the making and filing of an order of the commissioner of revenue"—is materially indistinguishable from the deadlines at issue in *Rigg, Kenzie,* and *Roehrdanz.* Accordingly, Rule 6.05 extends the deadline in Minn.Stat. § 271.06, subd. 2, to appeal an order of the Commissioner of

4. The relevant language of Rule 6.05, which extends a deadline by 3 days when the deadline runs from "the service of a notice or other document" and service is made by United States mail, has not changed materially since the rule first became effective on January 1, 1952. *See* Minn. R. Civ. P. 6.05 (eff. Jan. 1, 1952), *reprinted at* 232 Minnesota Reports; Minn. R. Civ. P. 6.05 (eff. July 1, 1959), *reprinted at* 2 Minn.Stat.1961 App. 8, 4963; Minn. R. Civ. P. 6.05 (eff. Jan. 1, 1989); Minn. R. Civ. P. 6.05 (eff. Jan. 1, 1997); Minn. R. Civ. P. 6.05 (eff. July 1, 2007); Minn. R. Civ. P. 6.05 (eff. Sept. 1,2012).

Revenue by 3 days when the Commissioner serves notice of the order by United States mail.

The Commissioner does not cite—much less attempt to distinguish—*Rigg, Kenzie,* or *Roehrdanz.* Instead, the Commissioner relies entirely on decisions from the tax court in arguing that Rule 6.05 is inapplicable to tax-court appeals. Specifically, the Commissioner relies on the tax court's statement in *Space Center Enterprises, Inc. v. County of Ramsey* that "[i]t is well established that Rule 6.05 applies to time periods calculated from the time of service by mail between parties, not the time of filing or date of judgment." No. C6–97–3361, 2001 WL 561324, at *1 (Minn.T.C. May 21, 2001). The statement from *Space Center Enterprises* is misleadingly incomplete.

It is true that Rule 6.05 does not extend a deadline that runs from the date of filing or the date of judgment. 1 David F. Herr & Roger S. Haydock, *Minnesota Practice–Civil Rules Annotated* § 6:8 (2009). After all, by its terms, Rule 6.05 applies only to a deadline calculated from "the *service* of a notice or other document." (Emphasis added.)

It is *not* true, however, that Rule 6.05 applies only to deadlines related to service of a notice or other document *between parties*. Nothing in the text of Rule 6.05 limits the rule's application to service of a notice or document between or among parties. Rather, Rule 6.05 applies to a deadline calculated from "the service of a notice or other document *upon* the party." (Emphasis added.)

For instance, in *Roehrdanz* we applied Rule 6.05, even though the period to request removal of a conciliation-court action to the district court runs from "the date the *court administrator* mailed ... notice of the judgment order" to the party seeking to appeal the order, Minn. Gen. R. Prac. 521(b) (emphasis added), not from the date of service by a party. *Roehrdanz,* 682 N.W.2d at 631. So too in *Kenzie,* even though notice of the decision appealed in that case was served by the executive-branch official that rendered the decision—that is, the Commissioner of Employment Services. 309 Minn. at 497, 245 N.W.2d at 208. Thus, there is no merit to the Commissioner's reliance on *Space Center Enterprises.*

### III.

For the foregoing reasons, we reverse the decision of the tax court and direct the tax court to reinstate Soyka's appeal.

Reversed.

GILDEA, Chief Justice (dissenting).

I disagree with the majority's conclusion that the judicial branch has the authority to extend the subject matter jurisdiction of an executive branch court. I therefore respectfully dissent. I would affirm the tax court and hold that Soyka's appeal was untimely.

The Minnesota Legislature created the Minnesota Tax Court as part of the income tax system. *See Langer v. Comm'r of Revenue,* 773 N.W.2d 77, 80 (Minn.2009). We have recognized that the Legislature has "the power to fix the conditions under which [a] tax should be assessed and enforced, and therefore compliance with those conditions is essential if the remedy is not to be lost and the rights are not to cease to exist." *Id.* (quoting *State v. Bies,* 258 Minn. 139, 149, 103 N.W.2d 228, 236 (1960)). One of those "conditions" with which "compliance ... is essential," *id.,* is the appeal period set forth in Minn.Stat. § 271.06, subd. 2 (2012). Under this provision, a taxpayer has 60 days to perfect an appeal. *Id.* The majority rewrites that condition and holds that where the Com-

missioner mails the decision that is the subject of the appeal, the taxpayer does not have 60 days as the Legislature prescribed, but 63 days to perfect her appeal. The majority is mistaken.

We have consistently held that the 60–day appeal period in Minn.Stat. § 271.06, subd. 2 is jurisdictional. *Soyka v. Comm'r of Revenue*, 834 N.W.2d 711, 713 (Minn. 2013); *Harbaugh v. Comm'r of Revenue*, 830 N.W.2d 881, 884 (Minn.2013); *Hohmann v. Comm'r of Revenue*, 781 N.W.2d 156, 157 (Minn.2010); *Langer*, 773 N.W.2d at 80; *Piney Ridge Lodge, Inc. v. Comm'r of Revenue*, 718 N.W.2d 861, 862–63 (Minn. 2006); *see also In re O'Rourke*, 300 Minn. 158, 175 n. 11, 220 N.W.2d 811, 821 n. 11 (1974) (noting that "the legislature, in creating a substantive right by statute, may, as an element of that substantive right, circumscribe the adjudication of that right more strictly than in other cases"). In other words, when a taxpayer does not perfect her appeal within 60 days, the tax court is without subject matter jurisdiction to hear the appeal. *See, e.g., Langer*, 773 N.W.2d at 80; *Piney Ridge Lodge*, 718 N.W.2d at 862–63; *Benigni v. Cnty. of St. Louis*, 585 N.W.2d 51, 54 (Minn.1998).

Notwithstanding this precedent and its agreement that the 60–day limit in Minn.

Stat. § 271.06, subd. 2 is "jurisdictional," the majority concludes that the judiciary may enlarge the subject matter jurisdiction of an executive branch court. But just three years ago, we said, "Appeal periods in statutory proceedings are peculiarly within the legislative domain, and the courts and administrative agencies have no power to extend or modify the periods of limitation prescribed by statute." *Langer*, 773 N.W.2d at 81.[1]

In contrast to *Langer*, the majority here concludes that the judiciary, through application of a court rule—Minnesota Rule of Civil Procedure 6.05—does have the authority to expand the jurisdiction of the tax court.[2] The majority finds that Rule 6.05 applies to the tax court based on Minn.Stat. § 271.06, subd. 7 (2012). Under subdivision 7, the Minnesota Rules of Civil Procedure "shall govern the *procedures* in the Tax Court, where practicable." Subdivision 7 does not apply in the context at issue here, however, because the 60–day appeal period is not a procedure of the tax court; it is, as we have repeatedly recognized, *e.g., Langer*, 773 N.W.2d at 80; *Piney Ridge Lodge*, 718 N.W.2d at 862–63, a definition of the tax court's subject matter jurisdiction. *See Robinette v. Price*, 214 Minn. 521, 526, 8 N.W.2d 800, 804 (1943) (noting that subject matter jurisdic-

---

1. The United States Supreme Court has addressed a similar issue in *Bowles v. Russell*, 551 U.S. 205, 212–14, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). In that case, the court, noting that the appeal periods set forth in federal statutes were jurisdictional, held that the judiciary had no authority to create equitable exceptions to such jurisdictional requirements without the authorization of Congress. *Id.* at 212, 214, 127 S.Ct. 2360.

2. The majority argues that *Kenzie v. Dalco Corp.*, 309 Minn. 495, 245 N.W.2d 207 (1976), supports its application of Minnesota Rules of Civil Procedure 6.05 to expand the subject matter jurisdiction of the tax court. *Kenzie* does not support the majority because it does not involve the jurisdiction of an executive

branch court. The case involved an appeal *to the judiciary* from the executive branch. *Id.* at 497, 245 N.W.2d at 208. The judiciary's application of its rules of civil procedure to cases pending in the judiciary does not present the separation of powers issue created when the judiciary applies a rule of procedure to expand the jurisdiction of an executive branch court. Other cases that the majority cites—*Gonzalez v. Thaler*, —— U.S. ——, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012) and *Elbert v. Tlam*, 830 N.W.2d 448 (Minn.App.2013), *rev. denied* (Minn. Sept. 25, 2013)—also address application of court rules to expand the jurisdiction of judicial branch courts, and these cases are likewise unhelpful here.

tion refers to a court's authority to hear and decide an issue in controversy); *see also Rubey v. Vannett,* 714 N.W.2d 417, 422 (Minn.2006) (distinguishing a "procedural tool" from subject matter jurisdiction).[3]

Rather than rely on the Rules of Civil Procedure to expand the jurisdiction of the tax court, I would adhere to our precedent and hold that because Soyka did not commence her appeal within the 60 days required in Minn.Stat. § 271.06, subd. 2, the tax court did not have subject matter jurisdiction to hear her appeal. Accordingly, I would affirm.

DIETZEN, J. (dissenting).

I join in the dissent of Chief Justice Gildea.

---

3. The majority contends that I have "cast aside" subdivision 7. The majority is mistaken. In subdivision 7, the Legislature provided that court rules could apply to the "procedures in the Tax Court," Minn.Stat. § 271.06, subd. 7. The Legislature did not provide, however, that court rules could expand the power of the tax court. *Cf.* Minn. R. Civ. P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the district courts of Minnesota"); *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 370, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."). The majority cites no authority for its conclusion that even though the Legislature wrote that the application of court rules was limited to tax court "procedures," what the Legislature really meant was that court rules could also be used to expand the subject matter jurisdiction of the tax court. Such a conclusion is

not consistent with our precedent, which notes the "important distinction" between procedures and subject matter jurisdiction, *In re Giem,* 742 N.W.2d 422, 427 (Minn.2007), and reflects that "subject matter jurisdiction ... is fundamentally different than procedural rules." *Tischer v. Hous. and Redevelopment Auth. of Cambridge,* 693 N.W.2d 426, 430 (Minn.2005); *see also Eberhart v. United States,* 546 U.S. 12, 16, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005); *Rubey,* 714 N.W.2d at 422 (discussing distinction between jurisdiction and "claim-processing" rules). Finally, that "[t]ime limits are, by their very nature, procedural," as the majority notes, does not help resolve the question in this case because, as discussed above, we have repeatedly held that the 60–day time deadline in Minn.Stat. § 271.06, subd. 2 is a limit on the tax court's subject matter jurisdiction and, therefore, its authority.