**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 94-5535

LARRY R. MELTON; MARSHALL R.
MELTON; RANDALL W. MELTON,
Defendants-Appellants.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Graham C. Mullen, District Judge.
(CR-93-34)

Argued: March 8, 1996

Decided: May 22, 1996

Before MURNAGHAN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Lowell Harrison Becraft, Jr., Huntsville, Alabama, for
Appellants. Gregory Victor Davis, Tax Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON
BRIEF:** Loretta C. Argrett, Assistant Attorney General, Robert E.
Lindsay, Alan Hechtkopf, Scott A. Schumacher, Mark T. Calloway,
United States Attorney, Tax Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Larry R., Randall W. and Marshall R. Melton were con-
victed of conspiracy to defraud the federal government by concealing
assets from the Internal Revenue Service, failure to pay federal
income taxes and failure to file federal income tax returns. Maintain-
ing that United States Supreme Court case law and the federal tax
code led them to believe that they were exempt from paying federal
income taxes, they have argued that they lacked the requisite criminal
intent to violate the law. They have also contended that their convic-
tions cannot be sustained due to uncertainty in the law surrounding
the federal income tax. Because we find that their claims lack merit,
we affirm the judgment of the district court.

I.

In September 1993, the Meltons were tried before a jury in the
United States District Court for the Western District of North Caro-
lina on twenty-three charges of tax-related criminal activity. The
United States alleged that, during the years 1986 through 1989, the
three brothers had engaged in a conspiracy to impede the Internal
Revenue Service in the performance of its functions of "ascertain-
ment, computation, assessment and collection of" their federal income
taxes in violation of 18 U.S.C. § 371, had evaded taxes in violation
of 26 U.S.C. § 7201, and had failed to file returns in violation of 26
U.S.C. § 7203. The United States presented evidence that the Meltons
used their painting partnership, Melton Brothers Painting, and a for-
eign corporation they controlled, Kimbro Quality Investments, to con-
duct business in ways designed to hide assets from the IRS. The
United States argued that the brothers purchased Kimbro in 1987 and
structured their ownership so that their names were not connected
with the corporation, that they conducted nearly all of their business
in cash and that they purchased gold, silver and rare coins--all with

2

the purpose of concealing the amounts and sources of their income from the IRS.[1] IRS agents testified that the Meltons had structured their transactions in ways that would bypass banks, leave no paper trails and prevent the IRS from computing their taxable income.

Records introduced at trial indicated that each brother had filed income tax returns and paid income taxes through 1983. Larry and Marshall did not file returns for any year thereafter.[2] Randall continued to file returns through 1987, but not for any year thereafter. In addition, Randall failed to report all of his income for the years 1985, 1986 and 1987. The United States demonstrated that each Melton brother earned more than the minimum amount of income required for the filing of a return in each of the years at issue. In all, the government proved that Larry owed $35,787 in taxes, Marshall owed $36,062, and Randall owed $39,333. There was proof that the Meltons were aware of their income and of their tax liability.[3]

The Meltons apparently learned how to operate "outside the system" at tax protestor meetings and lectures they attended in the 1980s. At those meetings, a man named Dean Allen often spoke about the federal income tax, advising that it was an excise tax that could not lawfully be imposed on common law occupations. The Meltons testified at trial that, based on Allen's lectures and their independent research, they concluded that, as painters engaged in a common law occupation, they could not be subjected to an excise tax denominated as an income tax. Following the United States's presentation of evidence, the brothers moved for acquittal because of conflicts in the law, but the judge denied their motion.

The jury returned guilty verdicts on twenty-one counts alleged in the indictment.[4] The district court sentenced Larry to 33 months in

_____

[1] Larry also was accused of hiding his ownership of real property by placing it in his relatives' names.
[2] They also owed additional taxes, penalties and interest for 1982 and 1983.
[3] At least two brothers represented their income as $2,500 per month on a loan application, and all of the Meltons received considerable correspondence from the IRS.
[4] The jury found the Meltons guilty of all counts except two charging Randall with tax evasion for the years 1986 and 1987.

3

prison, Marshall to 18 months in prison, and Randall to 15 months in prison, with supervised release afterward for each. The brothers timely appealed their convictions and sentences.

II.

The Meltons have contended that the law requiring them to pay taxes and file returns is unclear. They have argued that they were misled into believing that they owed no federal income tax and that they were convicted in violation of due process, all because of the vagueness and uncertainty over the nature of the federal income tax and the statutory duty to file returns. Neither the district judge nor the jury accepted the Meltons' arguments. Nor do we.

We consider de novo, as a question of law, whether the law is sufficiently certain to permit a conviction. United States v. Mallas, 762 F.2d 361, 364 n.4 (4th Cir. 1985); accord United States v. Schulman, 817 F.2d 1355, 1358 (9th Cir. 1987), cert. denied, 498 U.S. 813 (1990). In reviewing the district court's denial of a motion for judgment of acquittal, we must determine "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the government, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982); see also Glasser v. United States, 315 U.S. 60, 80 (1942).

The Meltons maintain that they relied on federal case law and other materials to determine that they were not required to file federal income tax returns. They claim that they read a notice issued by the IRS[5] which led them to the Internal Revenue Code, 26 U.S.C. § 1 et seq. There, sections 6001 and 6011 explained that only "persons lia-

_____

[5] IRS Notice 609 states in pertinent part:

> Our legal right to ask for information is Internal Revenue Code sections 6001 and 6011 and their regulations. They say that you must file a return or statement with us for any tax you are liable for. . . . If you do not file a return, do not provide the information we ask for, or provide fraudulent information, the law provides that you may be charged penalties and, in certain cases, you may be subject to criminal prosecution.

4

ble" must pay income taxes. The Meltons claim that, from Supreme Court cases and other documents, they learned that the income tax is an excise tax for which, as housepainters, they could not be held liable.

While courts may have offered differing views of the income tax over time, the United States Supreme Court has consistently interpreted the federal income tax for 80 years. Since 1916, the Court has construed the tax as an indirect tax authorized under Article I, Section 8, Clause I of the U.S. Constitution, as amended by the Sixteenth Amendment. See Brushaber v. Union Pacific R.R. Co., 240 U.S. 1, 11, 16-19 (1916). Federal courts have all agreed that wages or compensation for services constitute income and that individuals receiving income are subject to the federal income tax--regardless of its nature. See, e.g., Brushaber, 240 U.S. at 17; United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir. 1991), cert. denied, 502 U.S. 1060 (1992); Simmons v. United States, 308 F.2d 160, 167-68 (4th Cir. 1962). In short, the debate over whether the income tax is an excise tax or a direct tax is irrelevant to the obligation of citizens to pay taxes and file returns. Simmons, 308 F.2d at 166 n.21 (stating that "it has been clearly established that the labels used do not determine the extent of the taxing power").

Furthermore, the duty to file returns and pay income taxes is clear. Section 1 of the Internal Revenue Code imposes a federal tax on the taxable income of every individual. 26 U.S.C. § 1. Section 63 defines "taxable income" as gross income minus allowable deductions. 26 U.S.C. § 63. Section 61 states that "gross income means all income from whatever source derived," including compensation for services. 26 U.S.C. § 61. Sections 6001 and 6011 provide that a person must keep records and file a tax return for any tax for which he is liable. 26 U.S.C. §§ 6001 & 6011. Finally, section 6012 provides that every individual having gross income that equals or exceeds the exemption amount in a taxable year shall file an income tax return. 26 U.S.C. § 6012. The duty to pay federal income taxes therefore is "manifest on the face of the statutes, without any resort to IRS rules, forms or regulations." United States v. Bowers, 920 F.2d 220, 222 (4th Cir. 1990). The rarely recognized proposition that, "where the law is vague or highly debatable, a defendant--actually or imputedly--lacks the requisite intent to violate it," Mallas , 762 F.2d at 363 (quoting

5

United States v. Critzer, 498 F.2d 1160, 1162 (4th Cir. 1974)), simply does not apply here.

Because federal income tax laws are clear, the case against the Meltons was properly presented to the jury. Cheek v. United States, 498 U.S. 192, 203 (1991). The jury heard not only the United States's evidence against the Meltons, but also the brothers' defense that they believed they were not "persons liable" for federal income tax. The jury rejected the excuse, however, and convicted them on nearly all counts. The record contains sufficient evidence to support the jury's finding that the Meltons were aware of their duties under the income tax laws and wilfully chose to disobey those laws in an attempt to evade their taxes.[6]

III.

The Meltons also challenge the district court's refusal to give various jury instructions that they had proposed. We review the decisions for abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992), cert. denied, 506 U.S. 1066 (1993); United States v. Lozano, 839 F.2d 1020, 1024 (4th Cir. 1988). A district court has discretion to choose among proposed instructions and to determine the content of its charge to the jury, Russell, 971 F.2d at 1107, as long as, when "viewed as a whole in the context of the trial, the charge was not misleading and contained an adequate statement of the law to guide the jury's determination," United States v. Park, 421 U.S. 658, 675 (1975).

_____

[6] There is no evidence that the Meltons received misinformation from the federal government regarding their obligation to pay income taxes. The Internal Revenue Code clearly defines who is liable to pay income tax and required to file returns. Each Melton brother had gross income in excess of the amount requiring the filing of a return in each of the years at issue. Therefore, each was a "person liable." Furthermore, each brother had filed income tax returns in the past. At best, the evidence shows that the Meltons "may have been misguided, but they were certainly not unwary." Bowers, 920 F.2d at 223.

Viewing the jury instructions in the context of the entire trial, we conclude that they were proper in all respects. We therefore find no abuse of discretion.

IV.

For the foregoing reasons, the convictions and sentences are

AFFIRMED.

7