**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERNEST JAN FOWLKE,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No. 13-9000
(T.C. No. 24767-10)
(Tax Court)

**ORDER AND JUDGMENT***

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

Mr. Ernest Jan Fowlke appeals the Tax Court's assessment of additional taxes

and imposition of sanctions. Mr. Fowlke admits that he earned money, but denies a

duty to pay income tax. We affirm.

## Background

Mr. Fowlke did not file federal income tax returns from 2004 to 2008. Based

on substitute returns, the Internal Revenue Service assessed tax deficiencies under

26 U.S.C. § 6651(a)(1) (failure to file timely tax returns), § 6651(a)(2) (failure to

---

* This order and judgment does not constitute precedent. *See* Tenth Cir. R.
32.1(A).

timely pay taxes), and § 6654 (failure to make estimated tax payments). Mr. Fowlke challenged these assessments by petitioning the Tax Court.

The Commissioner of Internal Revenue moved for judgment on the pleadings, and Mr. Fowlke moved to dismiss. With these filings, the Tax Court held a hearing and found that the claims involved a meritless protest against the federal income tax system. Thus, the court granted the Commissioner's motion, denied Mr. Fowlke's motion to dismiss on grounds of mootness, and sanctioned Mr. Fowlke for making frivolous arguments. This appeal followed.

**Tax Court's Alleged Delay in Filing Documents**

According to Mr. Fowlke, the Tax Court delayed filing his motion to dismiss and response to the Commissioner's motion. With this contention, Mr. Fowlke asserts that the Tax Court ruled without the benefit of his response brief. These representations are incorrect.

Mr. Fowlke states that the Tax Court "entered" the motion to dismiss and response brief on March 6, 2012, conducted a hearing six days later, and issued a decision over a month later. Appellant's Informal Br. at 4-5. Thus, even under Mr. Fowlke's chronology, the Tax Court would have had the benefit of the motion to dismiss and response brief at the time of the hearing. This sequence is confirmed in the record, for the judge in Tax Court referred to Mr. Fowlke's motion to dismiss and response brief. Tr. at 3. Because the judge had the motion to dismiss and response

- 2 -

brief when she conducted the hearing, any delay in filing the documents would not have affected the outcome.

## **The Commissioner's Motion for Judgment on the Pleadings**

We conduct de novo review over the Tax Court's grant of judgment on the pleadings. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005) (a motion for judgment on the pleadings is reviewed de novo).

In challenging the Tax Court's judgment, Mr. Fowlke argues that he is not subject to taxation, that the income tax falls on earnings from "privileges" but not "rights," that the tax falls only on "United States persons" and he is not one, that the Tax Examiner lacked authority to issue a notice of deficiency, and that the Tax Court lacked jurisdiction. These arguments are invalid.

First, Mr. Fowlke argues that the tax is imposed on income, but is not directed to any person or entity. We rejected this argument in *Charczuk v. Commissioner of Internal Revenue*, 771 F.2d 471, 473 (10th Cir. 1985), and must follow that decision.

The second argument is that the Constitution confines the taxation power to privileges, rather than rights (such as the right to earn a living). We rejected this argument, as well, in *Charczuk*, 771 F.2d at 472-73, and characterized the argument as frivolous in *Lonsdale v. United States*, 919 F.2d 1440, 1447-48 (10th Cir. 1990). Again, we must follow these precedents and reject Mr. Fowlke's argument.

Third, Mr. Fowlke denies that he is a "United States person" because that phrase is used elsewhere to refer to foreign corporations. This contention is

frivolous. The tax code defines the term "United States person" to include citizens or residents of the United States. 26 U.S.C. § 7701(a)(30) (2006). Because Mr. Fowlke does not deny that he is a citizen or resident of the United States, he is considered a "United States person" under the tax law.

Fourth, Mr. Fowlke contends that the notice of deficiency was issued by a Tax Examiner, who exceeded his authority under the Internal Revenue Manual. But, the Manual does not give rights to the taxpayer. *See Armstrong v. Commissioner of Internal Revenue*, 15 F.3d 970, 975 (10th Cir. 1994) (holding that the Internal Revenue Manual is directory rather than mandatory and lacks the force and effect of law). Thus, we reject Mr. Fowlke's argument based on the Internal Revenue Manual.

Mr. Fowlke's fifth argument is that the Tax Court lacked jurisdiction because he is not a "taxpayer." This argument is circular because it turns on his contention, rejected elsewhere, that he is not subject to the income tax.

The Tax Court has jurisdiction over cases begun by "taxpayers." Tax Court Rule 13(a)(1). Under federal law, the term "taxpayer" includes "any person subject to any internal revenue tax." 26 U.S.C. § 7701(a)(14) (2006). As discussed elsewhere, Mr. Fowlke is subject to the income tax; as a result, the Tax Court had jurisdiction.

## Sanctions

In addition to challenging the Tax Court's finding of a deficiency, Mr. Fowlke challenges its imposition of sanctions. We reject this challenge. The Tax Court is

- 4 -

authorized to impose sanctions up to $25,000 when a taxpayer suit is frivolous or intended to create delay. 26 U.S.C. § 6673(a)(1)(A)-(B) (2006). The court applied this authority here, sanctioning Mr. Fowlke $5,000 because it viewed Mr. Fowlke's claims as groundless. Tr. at 10.

We review these sanctions for an abuse of discretion;[1] and in doing so, we conclude that the Tax Court acted within its discretion. Like the district court, we believe that Mr. Fowlke's underlying arguments are groundless because they are plainly foreclosed by governing case law or statutes.

## Conclusion

As a result, we affirm the Tax Court's judgment.


Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1] *See Lewis v. Commissioner of Internal Revenue Service*, 523 F.3d 1272, 1274 (10th Cir. 2008) ("Tax Court sanctions are reviewed for an abuse of discretion.").