LILLEHAUG, Justice.
The Minnesota Tax Court affirmed the Commissioner of Revenue's order that assessed relator Terrance W. Sargent's income tax liability for tax years 2010-2014. Sargent argues that he is not subject to Minnesota's income tax because it violates the United States Constitution and the Minnesota Constitution. Because Sargent's arguments are without merit, we affirm.
FACTS
Sargent failed to file Minnesota income tax returns or pay income tax for tax years 2010, 2011, 2012, 2013, and 2014. In 2016, the Commissioner issued an order assessing Sargent's income tax liability for those years. Sargent administratively appealed the assessment, arguing that Minnesota's income tax violates the United States Constitution and the Minnesota Constitution. The Commissioner affirmed the assessment.
Sargent then appealed to the tax court, and the parties filed cross motions for summary judgment. The tax court granted the Commissioner's motion and denied Sargent's motion. Sargent v. Comm'r of Revenue , No. 9019-R, 2017 WL 6813394, at *1 (Minn.). This case is now before us on certiorari. See Minn. Stat. § 271.10, subd. 1 (2016) (providing for "review of any final order of the Tax Court ... upon certiorari by the Supreme Court").
ANALYSIS
"We review the tax court's legal conclusions de novo." Gonzales v. Comm'r of Revenue , 706 N.W.2d 909, 911 (Minn. 2005) (citation omitted).
Sargent argues that Minnesota's income tax violates the United States Constitution on the following grounds: (1) no law authorizes a state to tax an individual's *409 wages; (2) a state income tax is a direct tax that violates article I, section 9; (3) a state income tax violates the right to earn a living; and (4) Minn. Stat. § 290.014, subd. 1 (2016), is unconstitutionally vague because it does not define "income."
All of Sargent's arguments, which we consider in turn, are without merit. Contrary to Sargent's first and second arguments, it is well settled that a state has the authority to tax income. Okla. Tax Comm'n v. Chickasaw Nation , 515 U.S. 450, 462-63, 115 S.Ct. 2214, 132 L.Ed.2d 400 (1995) ("[It is] a well-established principle of interstate and international taxation ... that a jurisdiction, such as Oklahoma, may tax all the income of its residents...."); N.Y. ex rel. Cohn v. Graves , 300 U.S. 308, 312-13, 57 S.Ct. 466, 81 L.Ed. 666 (1937) ; Lawrence v. State Tax Comm'n of Miss. , 286 U.S. 276, 279, 52 S.Ct. 556, 76 L.Ed. 1102 (1932) ; McDermott v. Internal Revenue Serv. , No. 00CV378, 2001 WL 1771645, at *4 (D. Minn. Mar. 27, 2001) ; Gonzales , 706 N.W.2d at 910-11 ; Reed v. Bjornson , 191 Minn. 254, 253 N.W. 102, 104-05 (1934). Minnesota has implemented that authority by statute. See Minn. Stat. § 290.014, subd. 1 ("All net income of a resident individual is subject to tax under this chapter."); Minn. Stat. § 290.03 (2016) ("An annual tax ... is hereby imposed upon the taxable income for such year of the following classes of taxpayers: (1) Resident and nonresident individuals.").
Contrary to Sargent's third argument, a state income tax does not prevent the taxpayer from earning a living. Fowlke v. Comm'r , 537 F. App'x 783, 784 (10th Cir. 2013) ; Schagunn v. Gilland , No. 3:13-CV-00359-HZ, 2013 WL 1914399, at *3 (D. Or. May 7, 2013), aff'd , 617 F. App'x 814 (9th Cir. 2015).
Contrary to Sargent's fourth argument, "net income" is, in fact, defined. Minn. Stat. § 290.01, subd. 19 (2016) ("The term 'net income' means the federal taxable income, as defined in section 63 of the Internal Revenue Code of 1986...."). Federal courts have unanimously rejected the argument that the definition of "income" in the Internal Revenue Code is vague, United States v. Melton , No. 94-5535, 1996 WL 271468, at *3 (4th Cir. May 22, 1996) ; Lonsdale v. United States , 919 F.2d 1440, 1448 (10th Cir. 1990) ; Charczuk v. Comm'r , 771 F.2d 471, 473 (10th Cir. 1985) ; Ficalora v. Comm'r , 751 F.2d 85, 88 (2d Cir. 1984), cert. denied , 471 U.S. 1005, 105 S.Ct. 1869, 85 L.Ed.2d 162 (1985), and have made clear that wages are income for the purposes of taxation, Wilcox v. Comm'r , 848 F.2d 1007, 1008 (9th Cir. 1988) ; United States v. Koliboski , 732 F.2d 1328, 1329 n.1 (7th Cir. 1984) ("WAGES ARE INCOME."); Funk v. Comm'r , 687 F.2d 264, 265 (8th Cir. 1982). We agree. See Gonzales , 706 N.W.2d at 910-11.
Sargent additionally argues that Minnesota's income tax violates the Minnesota Constitution. Sargent urges that a failed proposal by the Legislature in 1932 to amend the Minnesota Constitution to provide for an income tax is evidence that the tax is unconstitutional. This contention is meritless. See Jefferson v. Comm'r of Revenue , 631 N.W.2d 391, 395 (Minn. 2001) ("It is the sovereign right and ordinary prerogative of a state to tax the income of every resident...." (citation omitted) (internal quotation marks omitted) ), cert. denied , 535 U.S. 930, 122 S.Ct. 1304, 152 L.Ed.2d 215 (2002) ; Reed , 253 N.W. at 104, 108 ("It is elementary that the power of taxation is inherent in sovereignty and that under our system of government it reposes in the Legislature, except as it is *410 limited by the state or the national Constitution." (emphasis added) ).[1]
CONCLUSION
For the foregoing reasons, we affirm the decision of the tax court.
Affirmed.

Apparently realizing that our decision in Reed , 253 N.W. at 108, held squarely that Minnesota's graduated income tax did not violate the Minnesota Constitution or the United States Constitution, Sargent asserts that Reed should be overruled. Sargent fails to provide any compelling reason to do so. See State v. Martin , 773 N.W.2d 89, 98 (Minn. 2009) ("We require a compelling reason before a prior decision will be overruled." (citation omitted) (internal quotation marks omitted) ).