United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-60396

MARK MCGAVOCK, SHERMAN GOOCH, STEWART SPENCE, TRAVIS INMAN, and
DONALD BYNAM,

Plaintiffs-Appellees

VERSUS

CITY OF WATER VALLEY, MISSISSIPPI,

Defendant-Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

Before GARWOOD, DAVIS and GARZA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge.

This case arises out of the application of the Fair Labor Standards Act overtime exemption for employees "engaged in fire protection activities." 29 U.S.C. § 207(k). Unless the exemption applies, the Fair Labor Standards Act ("FLSA") requires that employees be compensated at a rate of one-and-one-half times their hourly rate for all hours worked in excess of forty hours in one week. 29 U.S.C. § 207(a). The controlling issue in this case is whether the plaintiffs are employees "engaged in fire protection

activities" and thereby exempt from coverage of the overtime provisions even though they spend more than 20% of their time engaged in nonexempt (non-fire protection) activities. On summary judgment, the district court held that because of their non-exempt work as dispatchers the plaintiffs were not employees engaged in fire protection activity, and therefore were not subject to the exemption. For the reasons that follow, we conclude that the plaintiffs are employees engaged in fire protection activities, and therefore REVERSE and REMAND for further proceedings.

## I.

The plaintiffs-appellees are five municipal firefighters employed by the defendant, City of Water Valley, Mississippi ("the City"). The firefighters graduated from the fire academy, where they were trained in fire suppression. They have the legal authority to engage in fire suppression and are actually called upon to extinguish, control, and prevent fires and to respond to emergency situations where life, property, or the environment is at risk. However, the firefighters spend more than 20% of their workweek engaged in dispatching duties as opposed to actual fire protection activities.[1]

The firefighters filed an FLSA overtime action against the City alleging that they work 24-hour shifts for 121 days of the

---

[1]Some of the employees spend more than 50% of their work engaged in dispatching duties.

year—approximately 53 hours per week. The complaint alleged that the firefighters are entitled to overtime pay for all hours worked in excess of 40 hours per week under § 207(a) of the FLSA. *See* 29 U.S.C. 207(a).

The firefighters and the City moved for partial summary judgment on the issue of whether the firefighters are "employees engaged in fire protection activities" and thus subject to the § 207(k) pay plan exemption. The district court granted the motion in favor of the firefighters. It found that there was no conflict between the Department of Labor regulation, 29 C.F.R. § 553.212, and 29 U.S.C. § 203(y) and that "[w]hatever Congress' intent was in passing § 203(y), it was not to authorize municipal employers to classify individuals as fire prevention personnel and then to assign them tasks unrelated to firefighting while depriving them of minimum wage protections." The City moved the district court to reconsider, which the district court denied. The district court certified the case for interlocutory appeal, which we accepted.

## II.

### A.

This court reviews a grant or denial of summary judgment de novo, and applies the same standard as the district court. *See Chaney v. New Orleans Pub. Facility Mgmt., Inc.,* 179 F.3d 164, 167 (5th Cir. 1999). Additionally, we construe the FLSA liberally in favor of employees, and exemptions "are to be narrowly construed

3

against the employers seeking to assert them. . . ." *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 465 (1960).

**B.**

The Fair Labor Standards Act of 1983 establishes the general rule that employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours during a seven-day workweek. 29 U.S.C. § 207(a).[2] Section 207(k) provides an exemption to that rule. Under the exemption, the overtime provisions of the FLSA are not applicable to any "employee in fire protection activities," unless he or she works in excess of 212 hours in a work period of 28 consecutive days (an average of 53 hours per week).[3]

---

[2]Section 207(a) states, in relevant part:
Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions

> (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, *for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.*

29 U.S.C. § 207(a)(emphasis added).

[3]Section 207(k) states:

> No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of *any employee in fire protection activities* or any employee in law enforcement activities (including security personnel in

Before 1999, the term "employee in fire protection activities" was defined only by Department of Labor ("DOL") regulation 29 C.F.R. § 553.210. The regulation provided a four-part test to determine which employees qualified as "employees in fire protection activities." According to the regulation, the term refers to any employee,

> (1) who is employed by an organized fire department or fire protection district; (2) who has been trained to the extent required by State statute or local ordinance; (3) who has the legal authority and responsibility to engage in the prevention, control or extinguishment of a fire of any type; and (4) who performs activities which are required for, and directly concerned with, the prevention, control or extinguishment of fires, including such incidental non-firefighting functions as housekeeping, equipment maintenance, lecturing, attending community fire drills and inspecting homes and schools for fire hazards.

---

correctional institutions) if--

> (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or
>
> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(k)(emphasis added).

5

29 C.F.R. § 553.210.

In addition, DOL regulation 29 C.F.R. § 553.212 puts a gloss on the § 553.210's definition stating that, "employees in fire protection activities," "as described in §§ 553.210" can engage in nonexempt work (activities not related to fire suppression); however, if the employee performs nonexempt work more than 20% of his total working time then he is not an "employee engaged in fire protection activity" and thus is not subject to the 207(k) special pay plan.[4]

In 1999, Congress amended the FLSA and for the first time provided a statutory definition of "employee in fire protection activities." The amendment added § 203(y) and currently states:

> "an employee, including a firefighter, paramedic, emergency medical technician, rescue worker, ambulance personnel, or hazardous materials worker, who--
>
>> (1) is trained in fire suppression, has the legal authority and responsibility to engage in fire

---

[4]Section 553.212 (often referred to as the 20% rule, or 20/80 rule) provides:

> Employees engaged in fire protection or law enforcement activities *as described in §§ 553.210 and 553.211*, may also engage in some nonexempt work which is not performed as an incident to or in conjunction with their fire protection or law enforcement activities. For example, firefighters who work for forest conservation agencies may, during slack times, plant trees and perform other conservation activities unrelated to their firefighting duties. *The performance of such nonexempt work will not defeat either the section 13(b)(20) or 7(k) exemptions unless it exceeds 20 percent of the total hours worked by that employee during the workweek or applicable work period. A person who spends more than 20 percent of his/her working time in nonexempt activities is not considered to be an employee engaged in fire protection or law enforcement activities for purposes of this part.*

29 C.F.R. § 553.212 (emphasis added).

suppression, and is employed by a fire department of a municipality, county, fire district, or State; and

(2) is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk.

The purpose of the amendment was to "clarify the overtime exemption for employees engaged in fire protection activities." Pub. L. No. 106-151, 113 Stat. 1731 (codified as amended at 29 U.S.C. § 203(y)).

The DOL has not revised its regulations since the legislative change, even though one circuit has observed the need to revise at least § 553.210. *See Lockwood v. Prince George's County,* 217 F.3d 839, *1 n.1 (4th Cir. 2000)(unpublished)("Still, we note that, in light of the definition of 'employee in fire protection activities' provided by 29 U.S.C.A. § 203(y), the four-part regulatory definition provided by 29 C.F.R. § 553.201(a) will need to be revised.").

## C.

The City argues that the DOL's 20% rule in § 553.212, which applies to employees "engaged in fire protection activities" "as defined in § 553.210," is now obsolete because the recently enacted § 203(y) supplants § 553.210's definition. The City also asserts that Congress purposefully did not include the 20% rule in § 203(y), as reflected by the plain language of the statute and by

7

legislative history.[5]

The firefighters, on the other hand, concede that they meet the § 203(y) definition, but argue that § 553.212's 20% rule remains in effect because it is not in conflict with § 203(y). They argue that the regulation continues to limit employees considered engaged "in fire protection activities" to employees who spend 80% or more of their time engaged in fire protection activities. Because the plaintiffs spend more than 20% of their time working as dispatchers, they contend they are not "employees in firefighting activities" and therefore not subject to the 207(k)

---

[5]The City relies on the Congressional debates to support its contention that the legislature intended to do away with the 20% rule. During congressional debates, Representative Boehner observed:

> In recent years, however, some courts have narrowly interpreted the 7(k) exemption and held that emergency medical services personnel do not come within the exemption because the bulk of their time is spent engaged in nonfire protection activities. These lawsuits have resulted in State and local governments being liable for millions of dollars in back pay, attorneys' fees and court costs. So there is a real need to modernize this area of the Fair Labor Standards Act and to clearly specify who can be considered a fire protection employee for purposes of the exemption.

145 Cong. Rec. H11,499-02, H11500 (daily ed. Nov. 4, 1999)(statement of Rep. Boehner). Representative Ehlich, the sponsor of § 203(y), further stated:

> [F]rom its inception, the Fair Labor Standards Act has exempted fire protection employees from the traditional 40-hour workweek. Historically, any emergency responder paid by a fire department was considered to be a fire protection employee. However, recent court interpretations of Federal labor statutes have rendered this definition unclear. [Section 203(y)] seeks to clarify the definition.

*Id.* (statement of Rep. Ehlich).

8

pay plan.

It is clear, and all parties concede, that § 553.210 is supplanted by the new definition in § 203(y). The only purpose of Congress in amending the statute that is clear to us, is that it intended all emergency medical technicians (EMTs) trained as firefighters and attached to a fire department to be considered employees engaged in fire protection activities even though they may spend one hundred percent of their time responding to medical emergencies. Congress did not otherwise address the 20% rule.

However, § 553.212's 20% rule is an extension of § 553.210 in that § 553.212 provides an explanation of the requirement of prong four of the § 553.210 definition. This prong requires the employee to "perform" firefighting related duties. Section 553.212 places a gloss on that requirement by making it clear that the employee meets the test so long as his firefighting duties comprise more than 80% of his total work time in a work week. It is therefore evident that the 20% rule in § 553.212 was intended to refine the now obsolete § 553.210 definition.

For the last three years, the DOL has recognized the need for further rulemaking to interpret the amended statute by announcing that it proposed to begin the rulemaking process. 71 Fed. Reg. 22902 (proposed April 24, 2006); 70 Fed. Reg. 27170 (proposed May 16, 2005); 69 Fed.Reg. 73457 (proposed Dec. 13, 2004). Unfortunately, no specific new rules have been proposed. On the other hand, the Office of Personnel Management ("OPM") recently

9

issued Proposed Rules (which apply to federal employees) amending its regulations to the FLSA in an effort to "update and harmonize" their regulations with revisions made to DOL regulations. 71 Fed. Reg. 30301 (proposed May 26, 2006)(to be codified at 5 C.F.R. § 551.212). The OPM has proposed the following regulation, which is relevant to the facts of this case: "The following employees are engaged in fire protection activities for the purpose of pay under section 7(k) of the Act...: (1) Employees in positions properly classified in the Fire Protection and Prevention series, including any qualified firefighter who is assigned to perform support functions (*e.g.*, communications or *dispatching* functions...). *Id.* (emphasis added).

In sum, we conclude that § 553.212 is no longer in effect.[6] The new statute, § 203(y), provides a definition previously provided by § 553.210 and its subsidiary regulation § 553.212. Both of these regulations are therefore now obsolete and without effect. The 20% rule no longer applies to the Plaintiffs, and it therefore does not remove them from the statutory definition of "employees engaged in fire protection activities." Thus, they fall within the § 207(k) exemption. We therefore reverse the district court judgment and remand this case to the district court for further proceedings.

---

[6]Section 553.212's 20% rule remains in effect as it applies to employees engaged in law enforcement activities covered by 29 C.F.R. § 553.211. *See* 29 C.F.R. § 553.212.

REVERSED and REMANDED.