Brian TURNER, et al., Relators,

v.

**COMMISSIONER OF REVENUE,** Respondent.

No. A13–0927.

Supreme Court of Minnesota.

Dec. 11, 2013.

---

Eric Johnson, Saint Paul, MN, for relators.

Lori Swanson, Attorney General, Shannon M. Harmon, Assistant Attorney General, Saint Paul, MN, for respondent.

## OPINION

LILLEHAUG, Justice.

Taxpayers Brian and Dawn Turner appeal the Minnesota Tax Court's dismissal of their appeal from an order of the Com-

missioner of Revenue (Commissioner). The tax court concluded that it lacked subject matter jurisdiction because the Turners' appeal was untimely, as it was filed well after the 60–day deadline in Minn.Stat. § 271.06, subd. 2 (2012). The Turners argue that the statutory filing period did not begin to run when the order was issued because they did not consent to receive the order electronically and the Commissioner did not properly mail the order. Alternatively, the Turners argue that the methods by which the Commissioner sent the order violated their rights to due process under the United States and Minnesota Constitutions. Because the tax court did not commit clear error by rejecting the Turners' factual challenge and the Commissioner did not violate the Turners' due process rights, we affirm.

## I.

On January 10, 2012, the Commissioner completed an audit of the Turners' joint Minnesota income tax returns for tax years 2006 through 2009 and issued an order assessing $6,519.78 of additional taxes, penalties, and interest. That day, the revenue tax specialist responsible for the audit sent Brian Turner an e-mail with the subject line "Order of the Commissioner of Revenue[Secure]." The body of the e-mail informed Brian Turner of the existence of the order, summarized it, and advised of the possibility of appeal. The order itself was attached to the e-mail. The specialist sent the order electronically because Brian Turner, who was working in Saudi Arabia at the time, had recently advised him that "it would be best if any correspondence between you or your department and I be conducted electronically."

Brian Turner acknowledges that he received the e-mail on January 10, 2012. But, he claims to have been unable to open the attachment containing the order.

Though he "suspect[s]" that Saudi Arabia's restrictions on internet use prevented him from opening the attachment, Brian Turner did not forward the e-mail to his wife. He returned to the United States exactly 60 days after receiving the e-mail. Six days later, on March 16, 2012, he tried to open the attachment. This time he succeeded.

The specialist claims that on January 10 or 11, 2012, he also sent the order by regular mail to the Turners' home address in Minnesota, where Dawn Turner resided while her husband was abroad. Dawn Turner "received and monitored" the mail at the Turners' home, but contends that a mailed copy of the order never arrived.

On May 8, 2012, 53 days after Brian Turner opened the e-mail attachment and 119 days after he received the e-mail, the Turners filed an appeal with the tax court. The Commissioner moved to dismiss on the ground that the tax court lacked subject matter jurisdiction over the appeal because it was untimely. Over the Turners' opposition, the tax court granted the motion. The Turners sought review. We issued a writ of certiorari.

## II.

We review orders of the tax court to determine whether the tax court lacked jurisdiction, whether its decision was not justified by the evidence or did not conform to the law, and whether the tax court otherwise committed an error of law. Minn.Stat. § 271.10, subd.1 (2012); *see also, e.g., Langer v. Comm'r of Revenue*, 773 N.W.2d 77, 80 (Minn.2009). As to jurisdiction, we "review the tax court's factual findings for clear error" and its "legal determinations"—including constitutional determinations, *see Stelzner v. Comm'r of Revenue*, 621 N.W.2d 736, 740 (Minn.

2001)—"de novo."[1] *Soyka v. Comm'r of Revenue*, 834 N.W.2d 711, 713 (Minn.2013). Because the tax court is an administrative agency whose jurisdiction is defined by statute, *see* Minn.Stat. § 271.01, subd. 5 (2012); *Giersdorf v. A & M Constr., Inc.*, 820 N.W.2d 16, 20 (Minn.2012), we have held that the "late filing of an appeal ... deprives that court of subject matter jurisdiction." *Hohmann v. Comm'r of Revenue*, 781 N.W.2d 156, 156 (Minn.2010).

### A.

The Turners argue that the tax court erred by concluding that their appeal was untimely. The Turners concede that the time for filing an appeal begins to run when an order is sent. The Turners also acknowledge that if the order was properly sent when the Commissioner sent it by e-mail and claims to have sent it by regular mail, the time expired before they filed their appeal. *See* Minn.Stat. § 271.06, subd. 2. The Turners' argument that their appeal is nevertheless timely rests on two factual assertions: (1) that they did not agree to conduct the audit electronically, so that sending the order by e-mail was insufficient, and (2) that the Commissioner did not properly mail the order to their home address, so that sending the order by mail was also insufficient. To prevail, the Turners must establish that the tax court's findings to the contrary on both issues were clearly erroneous.

### 1.

An order of assessment "is sufficient" if "sent by electronic mail to the taxpayer's last known electronic mailing address as provided for in section 325L.08." Minn. Stat. § 270C.33, subd. 8 (2012). Section 325L.08 provides that "[i]f parties have agreed to conduct transactions by electronic means and a law requires a person to ... send ... information in writing to another person, the requirement is satisfied if the information is ... sent ... in an electronic record capable of retention by the recipient at the time of receipt." Minn.Stat. § 325L.08(a) (2012).

■ The Turners argue that an agreement to receive an order electronically must be explicit. Nothing in the statute imposes such a requirement. Section 325L.08 requires only that the "parties have agreed to conduct transactions by electronic means," *id.*, and agreement means "the bargain of the parties" and can be inferred from the circumstances, Minn. Stat. § 325L.02(a) (2012). Brian Turner twice asked the specialist to communicate with him by e-mail—the second time only days before the Commissioner issued the order—and corresponded with the specialist electronically for several months. The tax court's finding that Brian Turner agreed to conduct the audit by electronic means, as required under section 325L.08(a), was not clearly erroneous because it was "reasonably supported by the evidence as a whole," *Cont'l Retail, LLC v. Cnty. of Hennepin*, 801 N.W.2d 395, 398 (Minn.2011).

The Turners make two other arguments on this point, but both lack statutory sup-

---

1. Because the parties relied on matters outside the pleadings, the tax court treated the Commissioner's motion to dismiss as a motion for summary judgment. But the Minnesota Rules of Civil Procedure (which generally govern tax court proceedings, Minn.Stat. § 271.06, subd. 7 (2012)) only provide for treating a motion to dismiss as one for summary judgment "on a motion asserting the defense that *the pleading fails to state a claim upon which relief can be granted.*" Minn. R. Civ. P. 12.02 (emphasis added). We therefore treat the Commissioner's motion as a motion to dismiss under Rule 12.02(a). In any case, the Commissioner is correct that the "procedural detail" of the tax court's treatment of the motion "does not materially affect the analysis of the Tax Court's jurisdiction in this matter."

port. That Dawn Turner did not separately agree to conduct the audit electronically is undisputed but irrelevant. "If a joint income tax return is filed by a husband and wife, an order of assessment may be *a single joint notice*." Minn.Stat. § 289A.37, subd. 6 (2012) (emphasis added). The Commissioner must send a separate notice only if a spouse changes addresses and requests it, *id.*, which neither Brian nor Dawn Turner did. Brian Turner's alleged inability to open the attachment containing the order is similarly irrelevant. Section 325L.08 does reflect concern about outside interference with electronic access, but only "if *the sender or its information processing system* inhibits the ability of the recipient to print or store the electronic record." Minn.Stat. § 325L.08(a); *accord* Minn.Stat. § 325L.08(c) (2012) (governing when an "electronic record is not enforceable against the recipient"). The Turners do not claim, and the record does not suggest, that the Commissioner or any system under the Commissioner's control prevented Brian Turner from opening the attachment. Indeed, Brian Turner "suspect[s]" that he could not open the attachment because of Saudi Arabia's restrictive internet controls, for which the Commissioner bears no responsibility.

### 2.

■ An order of assessment also "is sufficient" if "sent postage prepaid by United States mail to the taxpayer at the taxpayer's last known address." Minn. Stat § 270C.33, subd. 8. The Turners argue that the Commissioner failed to establish that the order was properly mailed. The specialist, corroborated by his roughly contemporaneous log entry, swears that he mailed the order to the Turners' home address, which was printed on the order itself, with correct postage, "on or about January 10, 2012." Nothing in the record contradicts, or even calls into substantial question, the specialist's report. As the tax court explained, even if Dawn Turner is correct that the order never arrived at the Turners' home, under the statute "whether the Turners actually received the Commissioner's order by mail is not determinative; it is sufficient that the Commissioner proves that it was sent." The tax court's conclusion that the Commissioner sent the order was clearly "supported by the evidence as a whole." *Cont'l Retail*, 801 N.W.2d at 398.

### B.

■ Finally, the Turners argue that the methods by which the Commissioner sent the order violated their rights to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 7, of the Minnesota Constitution.[2] The due process protection provided under the Minnesota Constitution is identical to that guaranteed under the U.S. Constitution. *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 453 (Minn.1988). In this context, the due process required is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *accord Berkman v. Weckerling*, 247 Minn. 277, 282–83, 77 N.W.2d 291, 295 (1956).

2. The tax court had jurisdiction over the Turners' constitutional argument because the court first referred the appeal to the district court and then received it back, transferred with the district court's full legal and equitable powers. *See Wilson v. Comm'r of Revenue*, 619 N.W.2d 194, 199 (Minn.2000) (describing the so-called *Erie* shuffle); *see also Erie Mining Co. v. Comm'r of Revenue*, 343 N.W.2d 261, 264 (Minn.1984).

The methods used by the Commissioner were reasonably calculated to give the Turners notice of the order. The specialist considered the Turners' specific circumstances, *see Jones v. Flowers*, 547 U.S. 220, 230, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), and sent notice in two forms. Knowing that Brian Turner was out of the country, had asked to communicate electronically, and had repeatedly exchanged e-mails without reporting any difficulty, the specialist sent the order electronically. Knowing that Dawn Turner remained at the Turners' home in Minnesota, the specialist also sent the order by regular mail. Both forms of notice were entirely reasonable in context. Indeed, the regular mailing alone would normally satisfy the requirements of due process. *See, e.g., Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *Meadowbrook Manor, Inc. v. City of St. Louis Park*, 258 Minn. 266, 272–73, 104 N.W.2d 540, 545 (1960).

Moreover, Brian Turner received actual notice from the e-mail, which informed him that the Commissioner had issued an order that could be appealed. *Cf., e.g., Commonwealth v. Olivo*, 369 Mass. 62, 337 N.E.2d 904, 909 (1975) (holding notice sufficient if "it would put a reasonable person on notice that inquiry is required, ... further inquiry would reveal the facts necessary to understand the nature of the proceeding and the opportunity to be heard, and ... the party's disability does not render him incapable of understanding the need for such inquiry"). Timely actual notice generally cures any defect in the government's notification procedures. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) (holding that actual notice "more than satisfied [the recipient]'s due process rights"). In this

case, the Commissioner cannot be held responsible, constitutionally or otherwise, for Brian Turner's alleged difficulty opening the attachment and apparent failure to make further inquiry.

### III.

For the foregoing reasons, the tax court did not err by dismissing the Turners' appeal for lack of subject matter jurisdiction.

Affirmed.