STATE OF MINNESOTA

IN SUPREME COURT

A15-0957

Tax Court                                                                       Gildea, C.J.
                                                          Took no part, Chutich, J.

Daniel L. Berglund,

                              Relator,

vs.                                                                         Filed: April 13, 2016
                                                          Office of Appellate Courts

Commissioner of Revenue,

                              Respondent.

_____

Daniel L. Berglund, Cottage Grove, Minnesota, pro se.

Lori Swanson, Attorney General, Sara L. Bruggeman, Assistant Attorney General, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

1.      Under the plain language of Minn. Stat. §§ 270C.33, 270C.62 (2014), the tax liability reported on a commissioner-filed return is assessed when it is "made by the commissioner," is "in writing," and is "entered into the records of the commissioner."

2.      To the extent that Minn. R. 8160.0620 (2015) requires a commissioner-filed return to include the Commissioner of Revenue's signature, the rule is inconsistent with the plain language of Minn. Stat. § 270C.62.

1

3. The notices of commissioner-filed returns provided relator with notice of his tax liability, consistent with his due process rights under the United States and Minnesota Constitutions.

Affirmed.

Considered and decided by the court without oral argument.

O P I N I O N

GILDEA, Chief Justice.

This case comes to us after the tax court denied an appeal in which relator Daniel L. Berglund challenged the validity of returns that the Commissioner of Revenue prepared and filed on his behalf. Berglund's challenge asserted that the commissioner-filed returns were invalid because the Commissioner did not sign them as required by Minn. R. 8160.0620 (2015). Because the relevant statutes do not require that the Commissioner sign commissioner-filed returns in order for those returns to be valid, we affirm.

On May 12, 2014, the Minnesota Department of Revenue notified Berglund that it was "[m]issing" income tax return[s] from him for tax years 2008, 2009, and 2010. The Department requested that Berglund "file [the missing] return[s] or explain why [he was] not required to file." The notices explained that if Berglund did not file the returns or provide sufficient reasons as to why he was not required to file, the Department would prepare returns on his behalf. *See* Minn. Stat. § 270C.33 (2014) (providing that the Commissioner may use "[c]ommissioner assessment procedures," such as preparing a commissioner-filed return, to impose tax liability when an individual fails to file a tax

2

return).  In response, Berglund stated that federal law does not impose liability for individual income taxes.  Because he does not consider himself to be a person "required to file [an income tax] return" under the federal tax code, Berglund argued he was not a "taxpayer" under Minn. Stat. § 289A.08, subd. 1(a) (2014) (requiring a "taxpayer [to] file a [Minnesota] return for each taxable year that the taxpayer is required to file a return under section 6012 of the Internal Revenue Code").

Finding this to be an insufficient reason, the Department prepared and filed returns for Berglund and mailed him Notices of Commissioner Filed Returns for tax years 2008, 2009, and 2010.  *See* Minn. Stat. § 270C.33, subd. 3 ("If a taxpayer fails to file a return, the commissioner . . . may make and file a return for the taxpayer.").  These notices informed Berglund that the Commissioner had prepared returns based on information available regarding Berglund's income and that the Department was authorized to collect the amount owed.  In total, the Commissioner assessed approximately $668,840 in unpaid taxes, penalties, and interest for the 3-year period.  The notices, which were signed by the Department's Assistant Director of the Income Tax and Withholding Division, also provided a breakdown of the taxes owed, noted Berglund's right to appeal the amount assessed, and included contact information for the Department.

After receiving these notices, Berglund contacted the Department and requested copies of the *"original . . .* Commissioner Filed Returns."  Explaining that a commissioner-filed return is not a paper document but is rather an electronic return on which "[t]he department inputs the [taxpayer's] income and calculates the amount of tax owed," a tax specialist mailed Berglund electronic printouts of the information contained

in the returns at issue. She further stated that the printouts were the only available copies of the returns, but were nonetheless legally binding and valid.

Berglund appealed to the tax court, arguing that because the returns did not contain the Commissioner's signature, as required by Minn. R. 8160.0620, the returns were invalid and unenforceable. Specifically, because there had been no tax assessment, Berglund argued, the Commissioner "attempt[ed] to extort money from [him] under color of law" by threatening to collect the amount allegedly owed, and violated his due process rights by issuing a commissioner-filed return without a signature. The Commissioner moved for judgment on the pleadings under Minn. R. Civ. P. 12.03, asserting that Berglund's claim lacked a legal basis because no statute or rule requires that commissioner-filed returns be signed. The tax court granted the Commissioner's motion, finding that the returns were validly "made" and "assessed" pursuant to Minn. Stat. § 270C.62 (2014), and that the lack of a "manual signature" was of no consequence. This appeal follows.

On appeal, "[w]e review decisions from the Minnesota Tax Court to determine whether: (1) the tax court had jurisdiction; (2) the tax court's decision was supported by the evidence and was in conformity with the law; and (3) the tax court committed any other error of law." *Conga Corp. v. Comm'r of Revenue*, 868 N.W.2d 41, 46 (Minn. 2015) (citing Minn. Stat. § 271.10, subd. 1 (2014)). We review the tax court's legal conclusions de novo, *Eden Prairie Mall, LLC v. Cty. of Hennepin*, 830 N.W.2d 16, 20 (Minn. 2013), and review the tax court's factual findings to determine whether there is sufficient evidence to support the court's decision, *Conga Corp.*, 868 N.W.2d at 46.

4

I.

The parties' arguments involve the proper interpretation of a statute and an implementing rule. The proper interpretation of statutes and rules is a question of law that we review de novo. *Conga Corp.*, 868 N.W.2d at 46; *In re Rate Appeal of Benedictine Health Ctr.*, 728 N.W.2d 497, 503 (Minn. 2007). Berglund relies on Minn. R. 8160.0620, which provides that "[f]or the purposes of this part . . . '[t]he filing date' of a commissioner filed return means the date the commissioner filed return is signed by the commissioner," and "[t]he filing date constitutes the date of assessment of the tax." *Id.*, subps. 1, 7. Berglund asserts that in the absence of a signature, there is no "filing date" or "date of assessment," and that without an assessment date, the taxes have not been assessed.

The Commissioner disagrees and argues that the taxes were assessed when the commissioner-filed returns were made. The Commissioner contends that the "date of assessment" for commissioner-filed returns is not dependent on the Commissioner's signature. Rather than relying on the rule Berglund cites, the Commissioner argues that the assessment date for the returns at issue is set by statute as the "date of the return made by the commissioner." *See* Minn. Stat. §§ 270C.33, 270C.62. The Commissioner contends that these statutes do not require the Commissioner to sign the returns and asserts that these statutes supersede Minn. R. 8160.0620. We agree with the Commissioner.

Minnesota Statutes § 270C.62 defines the "date of assessment" for purposes of the tax collection provisions of Chapter 270C. As applied to commissioner-filed returns, the

" 'date of assessment' means the date . . . of the return made by the Commissioner." *Id.*

Minnesota Statutes § 270C.33, subd. 1, which deals more broadly with commissioner assessment procedures, further notes that "[a]ll orders and decisions . . . respecting any tax, assessment, or other obligation, must be in writing and entered into the records of the commissioner" to be valid. The Legislature did not mention a signing requirement in either provision, and we cannot read such a requirement into the statute. *Rohmiller v. Hart*, 811 N.W.2d 585, 590 (Minn. 2012) ("We cannot add words or meaning to a statute that were intentionally or inadvertently omitted.").[1]

Moreover, in contrast to the provisions related to commissioner-filed returns, the Legislature requires signatures for other types of assessment documents. For example, the provision for "[o]rders of assessment," which immediately follows the commissioner-filed-return provision, requires the Commissioner to sign such orders. Minn. Stat. § 270C.33, subd. 4 (stating that "order[s] of assessment" require the signature of the Commissioner or a delegate if the change in tax liability is more than $1,000).[2]

_____

[1]   Not only is there no statutory signature requirement for a commissioner-filed return, but the Legislature *repealed* language requiring that the Commissioner sign "any order or decision increasing or decreasing any other tax by a sum exceeding $1,000." Minn. Stat. § 270.10, subd. 1 (2004) (requiring the Commissioner's "written signature or facsimile signature" on such orders and decisions). The returns at issue in this case would have been subject to this requirement because they increased Berglund's tax liability. But the Legislature repealed this provision in 2005. Act of June 2, 2005, ch. 151, art. I, § 117, 2005 Minn. Laws 1352, 1437.

[2]   The Commissioner may assess taxes by issuing a commissioner-filed return or an order of assessment. Both are considered "Commissioner assessment procedures." Minn. Stat. § 270C.33. Commissioner-filed returns, governed by Minn. Stat. § 270C.33, subd. 3, impose tax liability based on estimated figures, whereas orders of assessment,

(Footnote continued on next page.)

6

Similarly, Minn. Stat. § 270C.88, subd. 1 (2014) requires all orders and decisions pertaining to property taxes to be signed if the amount owed exceeds $1,000. *Id.* (requiring "[a]ny order or decision of the commissioner" to "bear [a] written signature or facsimile signature"). In light of the signature requirements for these other assessment procedures, the absence of similar language for commissioner-filed returns indicates that the validity of commissioner-filed returns does not depend on a signature. Had the Legislature intended to require the Commissioner's signature for commissioner-filed returns, it would have done so explicitly just as it did for orders of assessment and property tax assessments. *See Seagate Tech., LLC v. W. Dig.*, 854 N.W.2d 750, 759 (Minn. 2014) (noting that "a condition expressly mentioned in one clause of a subdivision provides evidence that the Legislature did not intend for the condition to apply to other clauses in which the condition is not stated"); *see also N. States Power Co. v. Comm'r of Revenue*, 571 N.W.2d 573, 575-76 (Minn. 1997) ("When the legislature changes a statute, the courts are to presume that the legislature intends a change in the law . . . .").

Based on the plain language of Minn. Stat. §§ 270C.33, subd. 3, and 270C.62, we hold that the date of assessment for a commissioner-filed return does not depend on or require the Commissioner's signature. Rather, under these provisions, the taxes are assessed when the commissioner-filed return is "made," Minn. Stat. § 270C.62, and such returns are made when they exist "in writing" and are "entered into the records of the

---

(Footnote continued from previous page.)
governed by Minn. Stat. § 270C.33, subd. 4, impose tax liability based on actual reported income information.

7

commissioner," Minn. Stat. § 270C.33, subd. 1. *Cf. Schober v. Comm'r of Revenue*, 853 N.W.2d 102, 107 (Minn. 2013) (establishing that an order is appealable if it is written and entered into the records of the Commissioner).

It is true, as Berglund argues, that under the administrative rules, there is no assessment date without a signature. Minnesota Rule 8160.0620, subpart 1, defines a commissioner-filed return's "filing date" as "the date the [return] is signed by the commissioner." Generally, administrative rules carry the force of law, *see* Minn. Stat. § 270C.06 (2014), and must be construed consistently with the statutory scheme they implement, *Anderson v. Farm Serv. Agency of U.S. Dep't of Agric.*, 534 F.3d 811, 814 (8th Cir. 2008) (noting that if a statute is silent with respect to a certain issue, "regulations are given controlling weight unless arbitrary, capricious, or contrary to the statute"). If, however, the rule conflicts with a statute, the statute controls. *See Billion v. Comm'r of Revenue*, 827 N.W.2d 773, 781 (Minn. 2013) (recognizing the applicable statute "prevails" over a conflicting administrative rule); *Special Sch. Dist. No. 1 v. Dunham*, 498 N.W.2d 441, 445 (Minn. 1993) (stating that "[i]t is elemental that when an administrative rule conflicts with the plain meaning of a statute, the statute controls"); *Dumont v. Comm'r of Taxation*, 278 Minn. 312, 315-16, 154 N.W.2d 196, 199 (1967) ("[I]f the legislature has acted in a specific area, the administrative agency may not adopt a rule in conflict with the statute.").

We recognize that the rule has coexisted alongside Minn. Stat. § 270C.33 and its predecessor, without change, for many years. But intervening legislative action has made the rule's signature requirement obsolete. *See Huff v. DeKalb Cty., Ga.*, 516 F.3d 1273,

8

1278 (11th Cir. 2008) (concluding that a newly provided statutory definition appropriately rendered a regulatory definition obsolete); *McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 427-28 (5th Cir. 2006) (same).

Further, the signature requirement in the rule conflicts with the plain language of Minn. Stat. § 270C.33 and Minn. Stat. § 270C.62. The rule equates the date of assessment with the filing date, and the filing date with the date on which the Commissioner signs the return. Minn. R. 8160.0620, subps. 1, 7. The statute, on the other hand, defines the date of assessment for a commissioner-filed return without reference to a signature requirement, instead stating that the date of assessment is the "date [on which] the return [is] made." Minn. Stat. § 270C.62. The lack of an explicit signature requirement for commissioner-filed returns in the statute conflicts with the signature requirement in the Department of Revenue's rule. When, as in this case, a statute and a rule conflict, the statute prevails. *See Billion*, 827 N.W.2d at 781. Because the rule conflicts with the legislative intent clearly expressed in the plain language of the statute, we hold that the signature requirement in the rule is, as the tax court found, "of no consequence" in determining the validity of the commissioner-filed returns.

In sum, we reject Berglund's argument that the commissioner-filed returns are invalid because the Commissioner did not sign them.

II.

We next address Berglund's due process argument. Specifically, Berglund contends that because the printouts he received did not contain a signature or any other identifier linking the document to the Department of Revenue, "there is no evidence to prove that the Commissioner of Revenue . . . was involved in the making of the alleged [commissioner-filed returns]," and that he therefore is deprived of his due process rights. We disagree.

The Department mailed Berglund three documents, all dated August 11, 2014, and each titled "Notice of Commissioner Filed Return." These notices informed Berglund that because he had failed to file individual income tax returns for tax years 2008, 2009, and 2010, commissioner-filed returns were prepared on his behalf. These notices further informed him of the taxes, penalties, and interest owed, and explained, in detail, what a commissioner-filed return is and how to appeal the assessment. Each notice was signed by the Assistant Director of Income Tax and Withholding of the Department. The "returns" Berglund received when he requested copies of the original tax forms were merely printouts of the data entered by the Department, but all of the information contained in the printouts is also included in the signed notices: Berglund's Minnesota taxable income, the tax owed according to the tax table, and Minnesota tax withheld. The Assistant Director's signature on the notices of commissioner-filed returns was sufficient to provide Berglund with notice of his liability, consistent with his due process rights under both the United States and Minnesota Constitutions. *See Turner v. Comm'r of Revenue*, 840 N.W.2d 205, 210 (Minn. 2013) (determining that there was no due process

10

violation when the Commissioner's method of notification was "reasonably calculated to give [the taxpayer] notice of the order" and informed the taxpayer of his right to appeal).

Because the tax court acted within its jurisdiction, it did not commit an error of law, and its decision was justified by the evidence, we hold that the tax court did not err in granting the Commissioner's motion for judgment on the pleadings.

Affirmed.


CHUTICH, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.